**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **WAPP TECH LIMITED PARTNERSHIP, *et al*.** | § § § § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-1137** |
| | § § § | |
| **JP MORGAN CHASE BANK, N.A.** | § | |

**ORDER**

On May 23, 2024, the Court conducted a telephone hearing to resolve disputes related to subpoenas issued to Plaintiffs' former general outside counsel, Tracey Thomas, and his firm, T&C. Plaintiffs assert that Mr. Thomas served as an attorney for WAPP and the inventor between 2016 and 2023.  They seek a protective order pursuant to FED. R. CIV. P. 26(c).

The parties submitted letter briefs to the Court in advance of the hearing.  Plaintiffs argue that the subpoenas seek privileged information and duplicative non-privileged documents. Plaintiffs submit that a third-party subpoena is unnecessary because any non-privileged, relevant documents in Mr. Thomas's possession would have been produced to Plaintiffs and Plaintiffs are producing all relevant, non-privileged documents in its possession to Defendant, including documents that are responsive to the subpoenas and documents produced in prior lawsuits. Plaintiffs assert that the subpoenas are overly broad and unduly burdensome due to the large amount of privileged documents that would be responsive to the subpoenas.

Defendant argues that Plaintiffs should not be permitted to withhold the production of documents from a third-party or from litigation involving the named inventor of the asserted patents with a blanket, unsubstantiated assertion of privilege.  Defendant submits that Plaintiffs'

concern that Mr. Thomas will produce a large volume of privileged documents that would be overly burdensome to review and log is speculative.  Defendant asserts that Mr. Thomas's production of documents in prior litigation confirms that he has responsive, non-privileged documents.

The parties thoroughly argued the issues at the hearing.  In accordance with the ruling on the record at the hearing, Plaintiffs' motion for protection is **GRANTED**.  The subpoenas are overly broad and would lead to privileged and duplicative non-privileged documents.  The exceptionally broad subpoenas create an undue burden to prepare the necessary, sizable privilege log.

The parties shall continue to meet and confer on subpoenas of a narrower scope that would ferret out potential non-privileged documents.  Plaintiffs agreed to provide privilege logs on narrow categories of documents including the 2017 agreement discussed at the hearing and fee agreements with Mr. Thomas.

So ORDERED and SIGNED this 23rd day of May, 2024.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE