# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Defendant. | Civil Action No. 4:23-cv-01137-ALM <br><br> JURY TRIAL DEMANDED |

## DEFENDANT JPMORGAN CHASE BANK N.A.'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 15(a) and the Patent Scheduling Order entered in this case (Dkt. 34), Defendant JPMorgan Chase Bank, N.A. ("JPMC") respectfully moves for leave to file a First Amended Answer and Counterclaims to assert an affirmative defense and counterclaim claim for inequitable conduct and to amend its affirmative defense of unclean hands based on its inequitable conduct counterclaim.  JPMC moves within the deadline set by the Court in the Patent Scheduling Order and after uncovering evidence during its examination of recent document productions by Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively "Wapp Tech").  A copy of JPMC's proposed First Amended Answer and Counterclaims is filed concurrently herewith as Exhibit A (with redline comparison to the original answer and counterclaims as Exhibit B) pursuant to Local Rule CV 7(k).

## PROCEDURAL BACKGROUND

On December 22, 2023, Wapp Tech filed this action alleging infringement of five patents by JPMC's purported use of third-party software tools from Apple and Google that are not developed, maintained, or otherwise controlled by JPMC.  (Dkt. 1).  JPMC filed its Answer and

███████████████████████████

Counterclaims on March 4, 2024. (Dkt. 14). The Court entered a Patent Scheduling Order on May 1, 2024, setting August 6, 2024 as the deadline for the parties' final amended pleadings. (Dkt. 26). This deadline has not been amended. (Dkt. 34). No depositions have taken place in this matter. Fact and expert discovery do not close until January 17, 2025 and March 14, 2025, respectively. (*Id.*).

### JPMC'S DISCOVERY OF NAMED INVENTOR MR. DONAVAN POULIN'S INEQUITABLE CONDUCT AND UNCLEAN HANDS

Pursuant to the Patent Scheduling Order, Wapp Tech served its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions on May 17, 2024. Wapp Tech asserted 53 claims across five patents-in-suit. Along with its assertion of 53 claims, Wapp Tech served its P.R. 3-2 document production on May 17, 2024. Counsel for JPMC immediately began reviewing this production while concurrently preparing its P.R. 3-3 Invalidity Contentions and P.R. 3-4 document production for the large number of 53 asserted claims.

███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
█████████████████



In addition, JPMC served a subpoena on Adobe (who acquired Macromedia on or about 2005) on April 30, 2024, seeking discovery of prior art. (Ex. C). Among other materials, JPMC

███████████████████████████████████████

sought documents, executables, and source code related to versions of Flash software including Macromedia's ██████████. Despite JPMC's diligence, as of the date of this filing, Adobe has not produced any materials in response to JPMC's subpoena.

████████████████████████████████████████

████ JPMC already began preparing invalidity contentions based on Macromedia's FlashMX 2004 and FlashMX Professional 2004 software products, which include the ██████████. As detailed in these invalidity claim charts attached to the proposed First Amended Answer and Counterclaims (Ex. A at Ex. 3-7), Macromedia's ██████████ feature allows a user to simulate network characteristics and displays a window showing an application's resource usage over time.

███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████ ████████████████
███████████████████████████████████████
████████████████████████ ███████████████
███████████████████████████████████████
███████████████████████████████████████
████████
███████████████████████████████
███████████████████████████████████████

And JPMC's evaluation of the inequitable conduct was ongoing while it: (1) awaited productions from Adobe; and (2) continued to evaluate new documents produced by Wapp Tech (including

4

settlement agreements between Adobe and Mr. Poulin that were produced recently on July 15, 2024). Accordingly, JPMC respectfully requests leave to file its First Amended Answer and Counterclaims to plead inequitable conduct and to amend its unclean hands affirmative defense based on the inequitable conduct allegations.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) "governs a party's request to amend its pleading before a scheduling order's deadline to amend passes." *OnPoint Sys., LLC v. Protect Animals With Satellites, LLC*, 2021 WL 3140562 at *1 (E.D. Tex. 2021). Under this rule, courts "freely give leave when justice so requires." FED. R. CIV. P. 15(a). In fact, the rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Ultimately, the decision to grant leave "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 925 F.2d 841, 845–46 (5th Cir. 1992). In making this decision, district courts consider: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004).

## JPMC'S MOTION FOR LEAVE SHOULD BE GRANTED

JPMC's motion for leave to amend should be granted because it is made within the deadline set by the Patent Scheduling Order and the other relevant factors weigh in favor of leave to amend.

### 1. JPMC Files This Motion In A Timely Manner Without Undue Delay

JPMC's motion is timely filed without undue delay. And Wapp Tech does not oppose JPMC's motion based on undue delay. "Federal courts within the Fifth Circuit have found that there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline." *Am. Legend Homes v. Navigators Specialty Ins.*, 2019 WL 5721634, at *5, (E.D. Tex.

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2019). JPMC does so here. JPMC files this motion before the August 6, 2024 deadline for leave to amend and thus the motion is presumptively timely. Further, JPMC's counterclaim is premised upon evidence recently uncovered during discovery.

### 2. The Absence Of Any Bad Faith Or Dilatory Motive Favors Leave To Amend

JPMC's request for leave is made in good faith and with no dilatory motive. JPMC's inequitable conduct claim is based on facts learned during discovery and could not have been brought in the period before leave is required. JPMC understands the pleading requirements under Fed. R. Civ. P. 9(b) and brings this motion after exacting review and consideration of the recently produced evidence and surrounding circumstances. These efforts to ensure a comprehensive and detailed pleading of inequitable conduct required additional time (yet within this Court's scheduled deadline).

### 3. The Absence Of Any Repeated Failure To Cure Deficiencies By Previous Amendments Favors Leave To Amend

JPMC has not previously sought to amend its answer or counterclaims. Further, JPMC could not have included the inequitable conduct claim in an earlier pleading, ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This factor therefore weighs in favor of granting leave to amend. *See OnPoint Sys.*, 2021 WL 3140562 at *2 (finding this factor weighs in favor of granting leave where a party did not fail to cure deficiencies by previous amendments and could not have included the information in an earlier pleading).

### 4. The Absence Of Any Undue Prejudice To Wapp Tech Also Favors Leave To Amend

Wapp Tech will not be unduly prejudiced by this amendment. Discovery is still in the early stages and would not need to be reopened. No depositions have been taken in this case. The

6

████████████████████████████████
████████████████████

addition of the inequitable conduct claim will not impact claim construction or the parties' positions on invalidity and infringement. Further, to mitigate any prejudice perceived by Wapp Tech, JPMC is amenable to discussing necessary amendments to the current schedule. Accordingly, this factor favors granting leave to amend.

### 5. The Proposed Amendment Is Not Futile

JPMC's amendment is not futile. The proposed inequitable conduct claim set forth in Exhibit A identifies the specific who (e.g., ¶¶ 72-83, 98-105), what (e.g., ¶¶ 77-105,), when (e.g., ¶¶ 98-146), where (e.g., ¶¶ 98-146, 152-175), why and how (e.g., ¶¶ 84-93, 152-175) with particularity.

As detailed in the accompanying Eleventh Counterclaim (Ex. A ¶¶ 72-178), the Patents-in-Suit are unenforceable because at least Mr. Poulin committed inequitable conduct during prosecution of these patents before the PTO. As the sole named inventor under 37 C.F.R. § 1.56(c) and applicant of the Patents-in-Suit under 37 C.F.R. § 1.41 (pre-AIA), Mr. Poulin owed a duty of candor and good faith to the United States Patent and Trademark Office ("PTO").

Mr. Poulin's duty of candor and good faith "includes a duty to disclose to the Office all information known to that individual to be material to patentability." 37 C.F.R. § 1.56(a). ████
████████████████████████████████
████████████████████████████████████
████████████████████
████████████████████████████
████████████████████████████
████████████████████████████████
█████████████████



As detailed in the claim charts attached to the Counterclaims (Ex. 3-7), Macromedia's ▇▇▇▇▇▇▇▇ expressly discloses and anticipates the asserted claims of the Patents-in-Suit. Had the PTO known about the functionality of Macromedia's ▇▇▇▇▇▇▇▇, the PTO would not have allowed those claims.

As such, JPMC's First Amended Answer and Counterclaims is more than sufficient to state

---

[1] *Wapp Tech Ltd. P'ship v. Micro Focus Int'l PLC*, 4-18-cv-00469 (E.D. Tex. 2018); *Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, No. 4-18-cv-00501 (E.D. Tex. 2018); *Wapp Tech Ltd. P'ship v. Bank of America Corp.*, No. 4-18-cv-00519 (E.D. Tex. 2018) (collectively "Prior Wapp Tech Litigations").

a claim under Rule 12(b)(6) and is pled with particularity under Rule 9(b). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed Cir. 2009).

## CONCLUSION

For these reasons, JPMC respectfully requests leaves to file its First Amended Answer and Counterclaims, which is being concurrently filed herewith as Exhibit A in accordance with Local Rule CV-7(k), along with a proposed order.

Dated: August 5, 2024

Respectfully submitted,

By: */s/Rita J. Yoon*
Rita J. Yoon
(Illinois Bar. No. 6298019)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ryoon@jonesday.com

Blaney Harper
(D.C. Bar No. 4559669)
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
bharper@jonesday.com

I. Sasha Mayergoyz
(Illinois Bar No. 6271800)
JONES DAY
110 N. Wacker Dr., Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
smayergoyz@jonesday.com

Yury Kalish (*pro hac vice*)
(Virginia Bar No. 87680)
R. Levent Herguner (*pro hac vice*)

9

██████████████████████████
(New York Bar No. 5722228)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
ykalish@jonesday.com
rlherguner@jonesday.com

Hannah Mehrle (*pro hac vice*)
(Ohio Bar No. 100228)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
hmehrle@jonesday.com

Walter Mostowy (*pro hac vice*)
(California Bar No. 341454)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 729-3900
wmostowy@jonesday.com

Stephen M. Bradley (*pro hac vice*)
(Georgia Bar No. 178489)
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 521-3939
Facsimile: (404) 521-8330
sbradley@jonesday.com

Zachary Marshall-Carter (*pro hac vice*)
(New York Bar No. 6094072)
JONES DAY
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
zmarshallcarter@jonesday.com

**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and accompanying exhibits are being filed under seal pursuant to the Court's authorization in paragraph 16 of the Protective Order entered in this case.

Dated:  August 5, 2024                    /s/Rita J. Yoon
                                          Rita J. Yoon


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and exhibits were filed electronically in compliance with Local Rule CV-5(a) and served on counsel of record for Plaintiffs electronically by encrypted method on August 5, 2024.

Dated:  August 5, 2024                    /s/Rita J. Yoon
                                          Rita J. Yoon


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that: (1) counsel for JPMC and Wapp Tech have complied with the meet and confer requirement in Local Rule CV-7(h); and (2) Wapp Tech indicated that it opposes the instant motion.  The personal conference required by Local Rule CV-7(h) was conducted via Zoom conference on August 5, 2024 by JPMC's counsel Rita Yoon, Blaney Harper, and Yury Kalish and Wapp Tech's counsel Les Payne, Alden Haris, and Carlos Ruiz.  The parties are presently at an impasse because JPMC disagrees with Wapp Tech's position that the inequitable conduct counterclaim is futile.

Dated:  August 5, 2024                    /s/Rita J. Yoon
                                          Rita J. Yoon