# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | |
| Plaintiffs, | Civil Action No. 4:23-cv-01137-ALM |
| v. | JURY TRIAL DEMANDED |
| JPMORGAN CHASE BANK, N.A. | ███████████ |
| Defendant. | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC") responds as follows to the Original Complaint filed by Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively "Plaintiffs" or "Wapp Tech") and files these amended affirmative defenses and counterclaims. Unless expressly admitted, JPMC denies each and every allegation in the Complaint. To the extent the headings and figures in the Complaint are construed as allegations, they are each denied. Any admission herein is for purposes of this matter only. JPMC reserves the right to take further positions and raise additional defenses and counterclaims that become known through fact discovery or otherwise.

**THE PARTIES**

1.      JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

2.      JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

3.      JPMC admits that it is a national banking association existing under the laws of the

United States with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240. JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

## JURISDICTION AND VENUE

4.      This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC admits that Plaintiffs brought this action under the United States patent laws, 35 U.S.C. § 101 *et seq.* Only if Plaintiffs have standing to bring this suit, JPMC admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). JPMC does not contest that venue is proper in this District for purposes of this particular action, but denies that venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a). JPMC denies the remaining allegations in this paragraph.

5.      This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC admits that it has transacted business in Texas but denies that JPMC has committed any acts of patent infringement in Texas, in this District, or elsewhere. JPMC does not contest that the Court has personal jurisdiction over it for purposes of this particular action. JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

6.      This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC admits that it has an office located at 8181 Communications Pkwy., Plano, TX 75024 and branches located at 161 W. Spring Creek Pkwy., Plano, TX, 75023; 5020 W. Park Blvd., Plano, TX 75093; 4001 W. Park Blvd., Plano, TX 75093; 3041 W. Parker Rd., Plano, TX 75023; and 5900 Preston Rd., Plano, TX 75093, but denies that it

has committed any acts of infringement in Texas, in this District, or elsewhere. JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

## FACTUAL ALLEGATIONS

### *Alleged Development of the Patented Inventions*

7.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

8.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

9.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

### *Alleged Authoring Mobile Applications*

10.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

11.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

### **Xcode**

12.     This paragraph contains argument and/or legal conclusions for which no response

is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

13.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

14.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

15.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

16.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

17.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

18.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**Android Studio**

19.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

20.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

21.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

22.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

23.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of

any cited material, and therefore denies them.

24.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

25.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

26.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

***Alleged Prevalence of Mobile Banking Applications***

27.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

28.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

29.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient

to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

30.     This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

***Patents-in-Suit***

31.     Denied.

**U.S. Patent No. 8,924,192**

32.     JPMC admits that, on its face, U.S. Patent No. 8,924,192 ("the '192 Patent") lists an issue date of December 30, 2014, but denies that the '192 Patent was duly and legally issued. JPMC admits that, on its face, the '192 Patent is titled "Systems Including Network Simulation for Mobile Application Development and Online Marketplaces for Mobile Application Distribution, Revenue Sharing, Content Distribution, or Combinations thereof."  JPMC admits that, on its face, the '192 Patent lists U.S. Patent Application Ser. Nos. 13/673,692 as filed on November 9, 2012; 12/759,543 as filed on April 13, 2010; 11/449,958 as filed on June 9, 2006 and as issued as U.S. Patent No. 7,813,910 on October 12, 2012; and 60/689,101 as filed on June 10, 2005.  JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

33.     JPMC admits that 35 U.S.C. § 282 states that "[a] patent shall be presumed valid" and also states that "[t]he following shall be defenses in any action involving the validity or infringement of a patent," including but not limited to "noninfringement," "unenforceability," and "invalidity."  JPMC denies the remaining allegations in this paragraph.

34.     JPMC lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and therefore denies them.

35.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

36.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

37.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

38.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

**U.S. Patent No. 9,298,864**

39.    JPMC admits that, on its face, U.S. Patent No. 9,298,864 ("the '864 Patent") lists an issue date of March 29, 2016, but denies that the '864 Patent was duly and legally issued.  JPMC admits that, on its face, the '864 Patent is titled "System Including Network Simulation for Mobile Application Development."   JPMC admits that, on its face, the '864 Patent lists U.S. Patent Application Ser. Nos. 14/084,321 as filed on November 19, 2013; 12/705,913 as filed on February 15, 2010 and as issued as U.S. Patent No. 8,589,140; 61/152,934 as filed on February 16, 2009; 11/449,958 as filed on June 9, 2006 and as issued as U.S. Patent No. 7,813,910; and 60/689,101 as filed on June 10, 2005.  JPMC lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations in this paragraph and therefore denies them.

40.     JPMC admits that 35 U.S.C. § 282 states that "[a] patent shall be presumed valid" and also states that "[t]he following shall be defenses in any action involving the validity or infringement of a patent," including but not limited to "noninfringement," "unenforceability," and "invalidity." JPMC denies the remaining allegations in this paragraph.

41.     JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

42.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

43.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

44.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

45.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

**U.S. Patent No. 9,971,678**

46.     JPMC admits that, on its face, U.S. Patent No. 9,971,678 ("the '678 Patent") lists an issue date of May 15, 2018, but denies that the '678 Patent was duly and legally issued. JPMC

admits that, on its face, the '678 Patent is titled "System Including Device and Network Simulation for Mobile Application Development." JPMC admits that, on its face, the '678 Patent lists U.S. Patent Application Ser. Nos. 14/581,475 as filed on December 23, 2014; 13/673,692 as filed on November 9, 2012 and as issued as U.S. Patent No. 8,924,192; 12/759,543 as filed on April 13, 2010 and as issued as U.S. Patent No. 8,332,203 on December 11, 2012; 11/449,958 as filed on June 9, 2006 and as issued as U.S. Patent No. 7,813,910 on October 12, 2012; and 60/689,101 as filed on June 10, 2005. JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

47.    JPMC admits that 35 U.S.C. § 282 states that "[a] patent shall be presumed valid" and also states that "[t]he following shall be defenses in any action involving the validity or infringement of a patent," including but not limited to "noninfringement," "unenforceability," and "invalidity." JPMC denies the remaining allegations in this paragraph.

48.    JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

49.    This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

50.    This paragraph sets forth argument and/or legal conclusions for which no response is required. To the extent this paragraph includes any allegations for which a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

51.    This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient

to form a belief about the truth of the allegations in this paragraph and therefore denies them.

52.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

**U.S. Patent No. 10,353,811**

53.    JPMC admits that, on its face, U.S. Patent No. 10,353,811 ("the '811 Patent") lists an issue date of July 16, 2019, but denies that the '811 Patent was duly and legally issued.  JPMC admits that, on its face, the '811 Patent is titled "System for Developing and Testing a Mobile Application."  JPMC admits that, on its face, the '811 Patent lists U.S. Patent Application Ser. Nos. 15/979,330 as filed on May 14, 2018; 14/581,475 as filed on December 23, 2014 and as issued as U.S. Patent No. 9,971,678; 13/673,692 as filed on November 9, 2012 and as issued as U.S. Patent No. 8,924,192 on December 30, 2014; 12/759,543 as filed on April 13, 2010 and as issued as U.S. Patent No. 8,332,203 on December 11, 2012; 11/449,958 as filed on June 9, 2006 and as issued as U.S. Patent No. 7,813,910 on October 12, 2010; and 60/689,101 as filed on June 10, 2005.  JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

54.    JPMC admits that 35 U.S.C. § 282 states that "[a] patent shall be presumed valid" and also states that "[t]he following shall be defenses in any action involving the validity or infringement of a patent," including but not limited to "noninfringement," "unenforceability," and "invalidity."  JPMC denies the remaining allegations in this paragraph.

55.    JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

56.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

57.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

58.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

**U.S. Patent No. 10,691,579**

59.    JPMC admits that, on its face, U.S. Patent No. 10,691,579 ("the '579 Patent") lists an issue date of June 23, 2020, but denies that the '579 Patent was duly and legally issued.  JPMC admits that, on its face, the '579 Patent is titled "Systems Including Device and Network Simulation for Mobile Application Development."  JPMC admits that, on its face, the '579 Patent lists U.S. Patent Application Ser. Nos. 15/083,186 as filed on March 28, 2016; 14/084,321 as filed on November 19, 2013 and as issued as U.S. Patent No. 9,298,864; 12/705,913 as filed on February 15, 2010 and as issued as U.S. Patent No. 8,589,140; 11/449,958 as filed on June 9, 2006 and as issued as U.S. Patent No. 7,813,910; 61/152,934 as filed on February 16, 2009; and 60/689,101 as filed on June 10, 2005.  JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

60.    JPMC admits that 35 U.S.C. § 282 states that "[a] patent shall be presumed valid" and also states that "[t]he following shall be defenses in any action involving the validity or infringement of a patent," including but not limited to "noninfringement," "unenforceability," and

"invalidity." JPMC denies the remaining allegations in this paragraph.

61.     JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

62.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

63.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

64.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

***Alleged Infringement by Defendant***

65.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC admits that it offers financial products and services but denies that it infringes or has infringed any valid and enforceable claim of the '192, '864, '678, '811, and '579 Patents (collectively "Patents-in-Suit"). JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

66.     This paragraph contains argument and/or legal conclusions for which no response is required. To the extent a response is required, JPMC admits that it offers financial products and services and that certain applications are available on certain app stores, but denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit. JPMC lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

67.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC admits that Apple's Xcode and Google's Android Studio has been used by JPMC, but JPMC denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit.  JPMC lacks knowledge or information sufficient to form a belief about other software tools and therefore denies them.  JPMC denies the remaining allegations in this paragraph.

68.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit.  JPMC lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.  JPMC denies the remaining allegations in this paragraph.

69.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC admits that it employs personnel but denies that JPMC infringes or has infringed any valid and enforceable claim of the Patents-in-Suit.  JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

70.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC admits that it employs personnel but denies that JPMC infringes or has infringed any valid and enforceable claim of the Patents-in-Suit.  JPMC

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

71.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC admits that it employs personnel but denies that JPMC infringes or has infringed any valid and enforceable claim of the Patents-in-Suit.  JPMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the authenticity of any cited material, and therefore denies them.

72.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC denies the allegations in this paragraph.

<u>**COUNT I**</u>
**(Alleged Infringement of U.S. Patent No. 8,924,192)**

73.    JPMC incorporates by reference its responses to the paragraphs above as if set forth fully herein.

74.    Denied.

75.    Denied.

76.    Denied.

77.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit and further states that the Original Complaint fails to plausible plead infringement of the asserted claims of the '192 Patent.

78.    Denied.

79.    Denied.

80.    Denied.

## COUNT II
### (Alleged Infringement of U.S. Patent No. 9,298,864)

81.    JPMC incorporates by reference its responses to the paragraphs above as if set forth fully herein.

82.    Denied.

83.    Denied.

84.    Denied.

85.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit and further states that the Original Complaint fails to plausible plead infringement of the asserted claims of the '864 Patent.

86.    Denied.

87.    Denied.

88.    Denied.

## COUNT III
### (Alleged Infringement of U.S. Patent No. 9,971,678)

89.    JPMC incorporates by reference its responses to the paragraphs above as if set forth fully herein.

90.    Denied.

91.    Denied.

92.    Denied.

93.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC denies that it infringes or has infringed

any valid and enforceable claim of the Patents-in-Suit and further states that the Original Complaint fails to plausible plead infringement of the asserted claims of the '678 Patent.

94.    Denied.

95.    Denied.

96.    Denied.

### COUNT IV
**(Alleged Infringement of U.S. Patent No. 10,353,811)**

97.    JPMC incorporates by reference its responses to the paragraphs above as if set forth fully herein.

98.    Denied.

99.    Denied.

100.    Denied.

101.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit and further states that the Original Complaint fails to plausible plead infringement of the asserted claims of the '811 Patent.

102.    Denied.

103.    Denied.

104.    Denied.

### COUNT V
**(Alleged Infringement of U.S. Patent No. 10,691,579)**

105.    JPMC incorporates by reference its responses to the paragraphs above as if set forth fully herein.

106.    Denied.

107.    Denied.

108.    Denied.

109.    This paragraph contains argument and/or legal conclusions for which no response is required.  To the extent a response is required, JPMC denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit and further states that the Original Complaint fails to plausible plead infringement of the asserted claims of the '579 Patent.

110.    Denied.

111.    Denied.

112.    Denied.

## WAPP TECH'S PRAYER FOR RELIEF

JPMC denies that Wapp Tech is entitled to any relief whatsoever.

## WAPP TECH'S DEMAND FOR JURY TRIAL

Wapp Tech's demand for a jury trial does not require an answer.  To the extent a response is required, JPMC denies that Wapp Tech is entitled to any relief whatsoever.

## GENERAL DENIAL

JPMC further denies each and every allegation in the Original Complaint that JPMC has not specifically admitted, denied, or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

JPMC asserts the following defenses undertaking the burden of proof only as to those defenses required by law regardless of how such defenses are denominated herein.  JPMC reserves the right to assert additional defenses that become known through fact discovery or otherwise.

## FIRST DEFENSE
### (Failure to State a Claim)

Wapp Tech's Original Complaint fails to state a claim upon which relief can be granted,

including but not limited to its failure to meet the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). For example, the Complaint fails to allege how JPMC uses each and every limitation of the asserted system claims of the Patents-in-Suit.

## SECOND DEFENSE
### (Non-Infringement)

JPMC has not infringed and does not infringe any properly construed, valid, and enforceable claim of the Patents-in-Suit, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, jointly, willfully, or in any other manner.

## THIRD DEFENSE
### (Prosecution History Estoppel/Disclaimer)

Wapp Tech's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution history disclaimer, including but not limited to arguments, amendments, statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit and/or applications related thereto. Wapp Tech is estopped from using the doctrine of equivalents to claim infringement of the claims as alleged in the Original Complaint and/or Wapp Tech is barred from an interpretation of any claim term that includes scope that was disavowed or disclaimed during prosecution of the Patents-in-Suit and/or applications related thereto.

## FOURTH DEFENSE
### (Invalidity)

Each and every claim of the Patents-in-Suit is invalid for failing to meet the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created basis for invalidation.

### FIFTH DEFENSE
**(Ensnarement)**

Wapp Tech cannot assert the claims of the Patents-in-Suit under the doctrine of equivalents because the asserted claim scope would encompass or ensnare the prior art.

### SIXTH DEFENSE
**(Lack of Standing)**

To the extent Wapp Tech did not or does not hold all substantial rights, title, and interest in one or more of the Patents-in-Suit, Wapp Tech lacks standing to bring or maintain this lawsuit in connection with such patent.

### SEVENTH DEFENSE
**(Equitable Defenses and Unenforceability)**

Wapp Tech's claims are barred by the doctrine of unclean hands.  Wapp Tech's unclean hands include, without limitation, named inventor Donavan Paul Poulin's and Wapp Tech's actions, representations, and filings associated with obtaining the Patents-in-Suit before the United States Patent and Trademark Office.  JPMC incorporates by reference its allegations in paragraphs 72-178 of JPMC's Eleventh Counterclaim as if set forth fully herein.

### EIGHTH DEFENSE
**(35 U.S.C. § 284 – Limitation on Damages)**

JPMC has engaged in all relevant activities in good faith, thereby precluding Wapp Tech from recovering increased damages under 35 U.S.C. § 284.

### NINTH DEFENSE
**(35 U.S.C. § 285 – No Exceptional Case)**

JPMC has engaged in all relevant activities in good faith, thereby precluding Wapp Tech, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## TENTH DEFENSE
### (35 U.S.C. § 286 – Time Limitation on Damages)

Under 35 U.S.C. § 286, Wapp Tech's claims are barred in whole or in part for all events occurring more than six years prior to the filing of this action.

## ELEVENTH DEFENSE
### (35 U.S.C. § 287 – No Marking)

Wapp Tech's claim for damages, if any, is limited by 35 U.S.C. § 287 due to failure to mark any relevant products by Wapp Tech, any alleged predecessor in interest to the Patents-in-Suit, or licensee to the claimed invention(s) of the Patents-in-Suit, or otherwise give proper notice to JPMC that any of its products or services allegedly infringe the Patents-in-Suit.

## TWELFTH DEFENSE
### (35 U.S.C. § 288 – No Costs)

Wapp Tech's claims for costs are barred and/or limited under 35 U.S.C. § 288 for failure to disclaim any invalid claim(s) before commencing this action.

## THIRTEENTH DEFENSE
### (28 U.S.C. § 1498)

At least a portion of Wapp Tech's claim for damages is barred from recovery pursuant to 28 U.S.C. § 1498.

## FOURTEENTH DEFENSE
### (No Irreparable Harm)

Wapp Tech is not entitled to injunctive relief against JPMC because any alleged injury to Wapp Tech is not immediate or irreparable, and Wapp Tech has an adequate remedy at law. Further, the balance of the hardships favor JPMC and an injunction against JPMC would harm the public interest.



## FIFTEENTH DEFENSE
**(No Willful or Egregious Infringement)**

Wapp Tech is not entitled to enhanced damages at least because Wapp Tech has failed to show and cannot show that any infringement has been willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, and/or characteristic of a pirate.

## SIXTEENTH DEFENSE
**(Inequitable Conduct)**

## JPMC'S DEMAND FOR JURY TRIAL

JPMC hereby demands a jury trial on all issues so triable.

## JPMC'S PRAYER FOR RELIEF

WHEREFORE, JPMC respectfully requests that the Court enter judgment as follows:

A.    That judgment be entered in JPMC's favor;

B.    That Wapp Tech take nothing by its claims and that such claims be dismissed with prejudice, including any claim for damages and an injunction;

C.    That JPMC has not infringed and does not infringe any valid and enforceable claim

of the Patents-in-Suit, either directly, indirectly, willfully, literally, under the doctrine of equivalents, jointly, and in any other manner.

D.    That the claims of the Patents-in-Suit are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created basis for invalidation;

E.    That the Patents-in-Suit are unenforceable;

F.    Enjoining Wapp Tech and its officers, agents, servants, employees, attorneys, and those in concert or participation with Wapp Tech from asserting infringement, or instituting or continuing any action for infringement, of the Patents-in-Suit against JPMC or its parent, officers, directors, agents, employees, representatives, stockholders, and/or suppliers, manufacturers, distributors, resellers, customers, and/or end users of JPMC's products or services;

G.    That JPMC is the prevailing party and this case is exceptional under 35 U.S.C. § 285, and awarding JPMC its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285, and all other applicable statutes, rules, common law, and the Court's inherent authority;

H.    For any such other and further relief, in law or equity, as the Court deems just and proper.

## JPMC'S FIRST AMENDED COUNTERCLAIMS

Counter-Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") files these Amended Counterclaims against Counter-Defendants Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively "Wapp Tech"):

## PARTIES

1.    JPMC is a national banking association with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240.

2.    According to paragraph 1 of the Complaint, Wapp Tech Limited Partnership is a

Delaware limited partnership organized and existing under the laws of the State of Delaware.

      3.     According to paragraph 2 of the Complaint, Wapp Tech Corp. is a body corporate organized and existing under the laws of the Province of Alberta, Canada.

## JURISDICTION AND VENUE

      4.     These are counterclaims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 *et seq.*, and the Patent Act, 35 U.S.C. §§ 1 *et seq.*, for a judicial declaration that the Patents-in-Suit are invalid, unenforceable, and not infringed.

      5.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202 because Wapp Tech commenced and continues to maintain this action against JPMC in this District.

      6.     Wapp Tech has consented to personal jurisdiction in this judicial district by filing the Original Complaint in this Court.

      7.     To the extent this Court is a proper venue for Wapp Tech's Original Complaint, venue for JPMC's Counterclaims is proper under 28 U.S.C. §§ 1391(b)-(c) and § 1400(b). JPMC does not contest that venue is proper in this District for purposes of this particular action, but denies that venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a).

## NATURE OF THE ACTION

      8.     This is an action for declaratory judgment of noninfringement, invalidity, and unenforceability of U.S. Patent Nos. 8,924,192 ("the '192 Patent"), 9,298,864 ("the '864 Patent"), 9,971,678 ("the '678 Patent"), 10,353,811 ("the '811 Patent"), and 10,691,579 ("the '579 Patent") (collectively "Patents-in-Suit").

      9.     Wapp Tech filed its Original Complaint on December 22, 2023 alleging that JPMC directly, indirectly, and willfully infringes the Patents-in-Suit. JPMC denies those allegations.

10.     In the Original Complaint, Wapp Tech purports to be the owner of all right, title, and interest in and to the Patents-in-Suit.

11.     As a result of Wapp Tech's actions and statements, including filing the Original Complaint, a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the invalidity, unenforceability, and alleged infringement of the Patents-in-Suit.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of the '192 Patent)

12.     JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

13.     Wapp Tech purports to be the owner of all right, title, and interest in the '192 Patent.

14.     Wapp Tech filed an infringement action in this Court to enforce the '192 Patent against JPMC.  JPMC denies that it has infringed or infringes any valid and enforceable claim of the '192 Patent, either directly, indirectly, willfully, or in any other manner.

15.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the alleged infringement of the '192 Patent.

16.     A judicial determination is necessary and appropriate so that JPMC may ascertain its rights regarding the '192 Patent.

17.     JPMC is entitled to a judicial declaration and determination against Wapp Tech that JPMC has not infringed any valid and enforceable claim of the '192 Patent, either directly, indirectly, willfully, or in any other manner.

18.     This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

### SECOND COUNTERCLAIM
**(Declaration of Non-Infringement of the '864 Patent)**

19.     JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

20.     Wapp Tech purports to be the owner of all right, title, and interest in the '864 Patent.

21.     Wapp Tech filed an infringement action in this Court to enforce the '864 Patent against JPMC. JPMC denies that it has infringed or infringes any valid and enforceable claim of the '864 Patent, either directly, indirectly, willfully, or in any other manner.

22.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the alleged infringement of the '864 Patent.

23.     A judicial determination is necessary and appropriate so that JPMC may ascertain its rights regarding the '864 Patent.

24.     JPMC is entitled to a judicial declaration and determination against Wapp Tech that JPMC has not infringed any valid and enforceable claim of the '864 Patent, either directly, indirectly, willfully, or in any other manner.

25.     This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

### THIRD COUNTERCLAIM
**(Declaration of Non-Infringement of the '678 Patent)**

26.     JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

27.     Wapp Tech purports to be the owner of all right, title, and interest in the '678 Patent.

28.     Wapp Tech filed an infringement action in this Court to enforce the '678 Patent against JPMC. JPMC denies that it has infringed or infringes any valid and enforceable claim of

the '678 Patent, either directly, indirectly, willfully, or in any other manner.

29.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the alleged infringement of the '678 Patent.

30.     A judicial determination is necessary and appropriate so that JPMC may ascertain its rights regarding the '678 Patent.

31.     JPMC is entitled to a judicial declaration and determination against Wapp Tech that JPMC has not infringed any valid and enforceable claim of the '678 Patent, either directly, indirectly, willfully, or in any other manner.

32.     This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

## FOURTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '811 Patent)

33.     JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

34.     Wapp Tech purports to be the owner of all right, title, and interest in the '811 Patent.

35.     Wapp Tech filed an infringement action in this Court to enforce the '811 Patent against JPMC.  JPMC denies that it has infringed or infringes any valid and enforceable claim of the '811 Patent, either directly, indirectly, willfully, or in any other manner.

36.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the alleged infringement of the '811 Patent.

37.     A judicial determination is necessary and appropriate so that JPMC may ascertain its rights regarding the '811 Patent.

38.     JPMC is entitled to a judicial declaration and determination against Wapp Tech that JPMC has not infringed any valid and enforceable claim of the '811 Patent, either directly,

indirectly, willfully, or in any other manner.

39.    This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

## FIFTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '579 Patent)

40.    JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

41.    Wapp Tech purports to be the owner of all right, title, and interest in the '579 Patent.

42.    Wapp Tech filed an infringement action in this Court to enforce the '579 Patent against JPMC.  JPMC denies that it has infringed or infringes any valid and enforceable claim of the '579 Patent, either directly, indirectly, willfully, or in any other manner.

43.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the alleged infringement of the '579 Patent.

44.    A judicial determination is necessary and appropriate so that JPMC may ascertain its rights regarding the '579 Patent.

45.    JPMC is entitled to a judicial declaration and determination against Wapp Tech that JPMC has not infringed any valid and enforceable claim of the '579 Patent, either directly, indirectly, willfully, or in any other manner.

46.    This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

## SIXTH COUNTERCLAIM
### (Declaration of Invalidity of the '192 Patent)

47.    JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

48.    The asserted claims of the '192 Patent are invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

49.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the invalidity of the '192 Patent.

50.    JPMC is entitled to a declaratory judgment that each claim of the '192 Patent that Wapp Tech asserts against JPMC is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

51.    This is an exceptional case entitling JPMC to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

### SEVENTH COUNTERCLAIM
### (Declaration of Invalidity of the '864 Patent)

52.    JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

53.    The asserted claims of the '864 Patent are invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

54.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the invalidity of the '864 Patent.

55.    JPMC is entitled to a declaratory judgment that each claim of the '864 Patent that Wapp Tech asserts against JPMC is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

56.     This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

## EIGHTH COUNTERCLAIM
### (Declaration of Invalidity of the '678 Patent)

57.     JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

58.     The asserted claims of the '678 Patent are invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

59.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the invalidity of the '678 Patent.

60.     JPMC is entitled to a declaratory judgment that each claim of the '678 Patent that Wapp Tech asserts against JPMC is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

61.     This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

## NINTH COUNTERCLAIM
### (Declaration of Invalidity of the '811 Patent)

62.     JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

63.     The asserted claims of the '811 Patent are invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

64.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the invalidity of the '811 Patent.

65.     JPMC is entitled to a declaratory judgment that each claim of the '811 Patent that Wapp Tech asserts against JPMC is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

66.     This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

## TENTH COUNTERCLAIM
### (Declaration of Invalidity of the '579 Patent)

67.     JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.

68.     The asserted claims of the '579 Patent are invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

69.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between the parties regarding the invalidity of the '579 Patent.

70.     JPMC is entitled to a declaratory judgment that each claim of the '579 Patent that Wapp Tech asserts against JPMC is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

71.     This is an exceptional case entitling JPMC to an award of its attorneys' fees under 35 U.S.C. § 285.

**ELEVENTH COUNTERCLAIM**
**(Declaration of Unenforceability of the Patents-in-Suit Due To Inequitable Conduct)**

72.    JPMC repeats and incorporates the allegations in its Amended Counterclaims above as if set forth fully herein.



















42



















53









[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

58









65

66



67



68





**JURY DEMAND**

JPMC hereby demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF ON JPMC'S AMENDED COUNTERCLAIMS**

WHEREFORE, JPMC respectfully requests that the Court enter judgment as follows:

A.     That JPMC has not infringed and does not infringe any valid and enforceable claim of the Patents-in-Suit, either directly, indirectly, willfully, literally, under the doctrine of equivalents, jointly, and in any other manner.

B.     That the claims of the Patents-in-Suit are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created basis for invalidation;

C.     That the Patents-in-Suit are unenforceable;

D.     Enjoining Wapp Tech and its officers, agents, servants, employees, attorneys, and those in concert or participation with Wapp Tech from asserting infringement, or instituting or

71

continuing any action for infringement, of the Patents-in-Suit against JPMC or its parent, officers, directors, agents, employees, representatives, stockholders, and/or suppliers, manufacturers, distributors, resellers, customers, and/or end users of JPMC's products or services;

       E.      Dismissal with prejudice of Wapp Tech's claims against JPMC;

       F.      That JPMC is the prevailing party and this case is exceptional under 35 U.S.C. § 285, and awarding JPMC its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285, and all other applicable statutes, rules, common law, and the Court's inherent authority;

       G.      For any such other and further relief, in law or equity, as the Court deems just and proper.


Dated:  August 5, 2024                  Respectfully submitted,

                                     By: */s/Rita J. Yoon*
                                       Rita J. Yoon
                                       (Illinois Bar. No. 6298019)
                                       JONES DAY
                                       555 California Street, 26th Floor
                                       San Francisco, CA 94104
                                       Telephone: (415) 626-3939
                                       Facsimile: (415) 875-5700
                                       ryoon@jonesday.com

                                     Blaney Harper
                                     (D.C. Bar No. 4559669)
                                     JONES DAY
                                     2727 North Harwood Street, Suite 500
                                     Dallas, Texas  75201
                                     Telephone: (214) 220-3939
                                     Facsimile: (214) 969-5100
                                     bharper@jonesday.com

                                     I. Sasha Mayergoyz
                                     (Illinois Bar No. 6271800)
                                     JONES DAY
                                     110 N. Wacker Dr., Suite 4800
                                     Chicago, IL 60606

Telephone: (312) 782-3939
Facsimile: (312) 782-8585
smayergoyz@jonesday.com

Yury Kalish (*pro hac vice*)
(Virginia Bar No. 87680)
R. Levent Herguner (*pro hac vice*)
(New York Bar No. 5722228)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
ykalish@jonesday.com
rlherguner@jonesday.com

Hannah Mehrle (*pro hac vice*)
(Ohio Bar No. 100228)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
hmehrle@jonesday.com

Walter Mostowy (*pro hac vice*)
(California Bar No. 341454)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 729-3900
wmostowy@jonesday.com

Stephen M. Bradley (*pro hac vice*)
(Georgia Bar No. 178489)
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 521-3939
Facsimile: (404) 521-8330
sbradley@jonesday.com

Zachary Marshall-Carter (*pro hac vice*)
(New York Bar No. 6094072)

JONES DAY
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
zmarshallcarter@jonesday.com

**ATTORNEYS FOR DEFENDANT**
**JPMORGAN CHASE BANK, N.A.**

<u>**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**</u>

I hereby certify that the foregoing document and accompanying exhibits are being filed under seal pursuant to the Court's authorization in paragraph 16 of the Protective Order entered in this case.

Dated:  August 5, 2024          */s/Rita J. Yoon*
                                Rita J. Yoon

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document and exhibits were filed electronically in compliance with Local Rule CV-5(a) and served on counsel of record for Plaintiffs electronically by encrypted method on August 5, 2024.

Dated:  August 5, 2024          */s/Rita J. Yoon*
                                Rita J. Yoon