## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § § | |
| Plaintiffs, | § § | Case No. 4:23-cv-01137 |
| v. | § § § | |
| JPMORGAN CHASE BANK, N.A., | § § | Jury Trial Demanded |
| Defendant. | § § § § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT JPMORGAN CHASE BANK N.A.'S OPPOSED MOTION
<u>FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS</u>**

## Table of Contents

I. LAW ..................................................................................................................... 3
   A. Futility of the Proposed Amendment ........................................................... 3
   B. Failure to Plausibly Plead Inequitable Conduct ............................................ 3
      1. Identify the Specific Withheld Reference(s) ........................................... 4
      2. Explain How those Reference(s) are Material ........................................ 4
      3. Show that Cumulative Disclosures were Not in the Record ................... 4
      4. Plead Knowledge and Intent to Deceive ................................................. 4
II. ARGUMENT ........................................................................................................ 5
   A. The Allegedly Withheld References ............................................................. 5
   B. Chase Fails to Plausibly Plead Materiality ................................................... 6
   C. Chase Does Not Even Attempt to Plead the References are Non-Cumulative ................ 10
   D. Chase Fails to Plausibly Plead Knowledge or Intent to Deceive .................. 12
III. CONCLUSION .................................................................................................... 15

## Table of Authorities

**Cases**

*Ameranth, Inc. v. Menusoft Sys. Corp.*,
  2010 U.S. Dist. LEXIS 149986, (E.D. Tex. June 17, 2010) ...................................................... 6

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
  No. 6:10-CV-379-LED-JDL, 2011 U.S. Dist. LEXIS 160206,
  (E.D. Tex. Dec. 13, 2011) .............................................................................................. 8, 10, 11

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312, 1326 (Fed. Cir. 2009) .................................................................................. passim

*Greenstone v. Cambex Corp.*,
  975 F.2d 22, 26 (1st Cir. 1992) ................................................................................................ 16

*Konami Dig. Entm't Co. v. Harmonix Music Sys.*,
  No. 6:08cv286-JDL, 2009 U.S. Dist. LEXIS 117468, (E.D. Tex. Dec. 14, 2009) ..................... 4

*Larson Mfg. Co. of S.D. v. Aluminart Prods.*,
  559 F.3d 1317, 1340 (Fed. Cir. 2009) ..................................................................................... 16

*Marucci Sports, L.L.C. v. NCAA*,
  751 F.3d 368, 379 (5th Cir. 2014) .............................................................................................. 3

*Microunity Sys. Eng'g v. Acer Inc.*,
  No. 2:10-CV-91-LED-RSP, 2012 U.S. Dist. LEXIS 139277,
  (E.D. Tex. Aug. 29, 2012) ........................................................................................................ 15

*Myers v. CitiMortgage, Inc.*,
  557 F. App'x 296, 297 (5th Cir. 2014) ....................................................................................... 3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  No. 2, 2010 U.S. Dist. LEXIS 104092, (E.D. Tex. Sep. 10, 2010) .......................................... 15

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276, 1289 (Fed. Cir. 2011) ........................................................................................ 1

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 3



Thirteen years after *Therasense*, the "the habit of charging inequitable conduct in almost every major patent case … on the slenderest grounds" remains "an absolute plague." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011). Chase now seeks leave to bring this plague to the Eastern District of Texas. To prevent the plague from spreading, the Federal Circuit has erected a barrier requiring inequitable conduct to be "pled with particularity" and to set forth "the particularized factual bases for the allegation." The goal of this heightened Rule 9(b) pleading standard is "deterrence of frivolous litigation based on accusations that could hurt the reputations of those being attacked." *Id.* at 1331.

Chase's proposed amendment recklessly attacks the reputation of an inventor without even pleading the "slenderest" support for those attacks. Chase utterly fails to plausibly plead any of the elements of inequitable conduct: materiality, non-cumulativeness, knowledge, or intent. Chase cannot plead inequitable conduct because its allegations are baseless and implausible.

Chase argues ▓▓▓▓▓▓▓▓▓▓ is the lynchpin without which it "could not have raised a well-pled claim under Fed. R. Civ. P 9(b) of inequitable conduct." Mot. at 4. Yet Chase admits ▓▓▓ was produced in three prior cases against Micro Focus, Bank of America, and Wells Fargo Bank, and none of those parties even attempted to plead inequitable conduct. Ex. A at 80. This is because ▓▓▓ does not support Chase's inequitable conduct allegations at all. According to Chase, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at ¶77. But ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is not the "invention," as Chase claims. It is not even a limitation of any claim, and Chase's pleading does not map it to any claim element. Chase cannot

1

plausibly do this, because ▓▓▓▓▓▓▓ has nothing to do with the claims or the claimed invention, as all prior defendants recognized.

Chase also completely fails to plead that ▓▓▓▓▓▓▓ map onto any claims, because there is no plausible way to allege that they do. Instead, Chase attaches claim charts that cite a collection of eight different references, seven of which are irrelevant to Chase's inequitable conduct pleading. These charts do not allege that ▓▓▓▓▓▓▓ are sufficient to disclose any claim element, let alone that they invalidate any claim. Chase obfuscates its pleading because it cannot plausibly allege materiality. For example, all of the asserted claims relate to mobile applications, but ▓▓▓▓▓▓▓ has nothing to do with mobile applications, as discussed below.

Chase does not even try to allege that any withheld information was non-cumulative, which is a required element of inequitable conduct. Chase cannot allege this, because by Chase's own admission the inventor disclosed multiple cumulative references to the PTO, including ▓▓▓▓▓▓▓ itself.

Chase also fails to plead knowledge and intent, because it has no basis to do so. For these prongs, Chase relies exclusively on the alleged non-disclosure of information, which is not sufficient to support even a "permissive inference" of intent. *Exergen* at 1331 ("the district court was correct not to draw any permissive inference of deceptive intent … established upon a mere showing that art or information having some degree of materiality was not disclosed."). Chase does not even try to plead "allegations of underlying facts" supporting knowledge or intent, because such allegations would be baseless and are contradicted by multiple objective indicia of candor and good faith. For example, when Chase served invalidity contentions in this case, the inventor filed a request for continued examination of a pending patent application that had already

2

██████████████████████████████████

received an issue notification (which he was not required to do) and submitted the new art Chase had identified for the first time. The examiner has considered the submitted art and allowed the pending claims. This, along with the other conduct discussed in detail below, objectively shows the inventor has consistently been transparent and candid with the PTO. Chase cannot plausibly allege otherwise and should not be allowed to impugn the inventor's character.

Wapp respectfully requests the Court deny Chase's plague-bearing amendment and prevent this case ████████████████████████████████████████████████████████████████.

## I. LAW

### A. <u>Futility of the Proposed Amendment</u>

Wapp opposes Chase's proposed amendment because it is futile. "A district court may deny leave to amend a complaint if amendment would be futile. Amendment would be futile if the proposed amended complaint fails to state a claim for relief under Rule 12(b)(6)." *Myers v. CitiMortgage, Inc.*, 557 F. App'x 296, 297 (5th Cir. 2014) (citations omitted). "[W]e review the proposed amended complaint under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 379 (5th Cir. 2014).

### B. <u>Failure to Plausibly Plead Inequitable Conduct</u>

The proposed amendment is futile because Chase has not (and cannot) plausibly plead inequitable conduct under Rule 9(b) and Rule 12(b)(6). ████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████, must be pled with particularity under Rule 9(b)" to survive a Rule 12(b)(6) motion to dismiss. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (citations omitted). "[T]he 'circumstances' in Rule 9(b) must be set forth with 'particularity,' i.e., they 'must be pleaded in detail'—'[t]his

means the who, what, when, where, and how' ▓▓▓▓▓▓▓▓▓▓." *Id.* at 1327. The elements of inequitable conduct that must be pleaded with particularity fall into four categories:

### 1. Identify the Specific Withheld Reference(s)

The pleading must identify "the specific prior art that was allegedly known to the applicant and not disclosed." *Exergen* at 1327.

### 2. Explain How those Reference(s) are Material

The pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found--i.e., the 'what' and 'where' of the material omissions." *Exergen* at 1330. The pleading must "particularly point[] out why a reasonable examiner would have considered the withheld reference important to the patentability of a claim." *Konami Dig. Entm't Co. v. Harmonix Music Sys.*, No. 6:08cv286-JDL, 2009 U.S. Dist. LEXIS 117468, at *9 (E.D. Tex. Dec. 14, 2009).

### 3. Show that Cumulative Disclosures were Not in the Record

The pleading must plausibly allege that the withheld reference(s) are not cumulative of other information of record. To do this, the pleading must "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record. Such allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Exergen* at 1329-30.

### 4. Plead Knowledge and Intent to Deceive

"[A] pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*

4

at 1330. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id.* at 1329 n.5.

## II. ARGUMENT

### A. The Allegedly Withheld References

Chase's amended answer is unclear about what "specific prior art" was allegedly material and withheld. At times, Chase appears to allege three references were withheld: ▮▮▮. *See, e.g.*, Ex. A at ¶105 (Chase alleges ▮▮▮). In other cases, Chase seems to conflate ▮▮▮ *See, e.g.*, Ex. A at 22 (alleging ▮▮▮). Sometimes Chase appears to treat ▮▮▮ as synonymous. *Id.* at ¶ 99 ("▮▮▮"); *see also id.* at ¶95.

Rule 9(b) requires the pleading to clearly identify "the specific prior art that was allegedly known to the applicant and not disclosed," which Chase has not done. *Exergen* at 1327. For purposes of this brief, Wapp interprets Chase's unclear pleading as alleging that three references were withheld: ▮▮▮

5

### B. Chase Fails to Plausibly Plead Materiality

Chase alleges materiality based on anticipation: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A at ¶82. Wapp interprets ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as referring to the three allegedly withheld references discussed in the preceding section. Chase fails to plead that any of those alleged references are material.

*First*, Chase has not even attempted to allege ▇▇▇▇▇▇▇▇▇▇ is material. Chase does not "identify which claims, and which limitations in those claims" ▇▇▇▇▇ is allegedly relevant to. Chase alleges ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A at ¶¶77, 150. But ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is not a limitation of any asserted claim (much less the "invention"), and Chase does not attempt to map this concept to any claim limitation. Chase does not attach any claim chart that cites ▇▇▇▇▇▇▇▇▇▇. Chase does not even allege that ▇▇▇▇▇▇▇▇▇▇▇▇ qualifies at prior art under §102, because it does not. For example, it cannot be prior art under pre-AIA §102(a) because it was written by the inventor, and it cannot be prior art under pre-AIA §102(b) because it was written after the filing of the provisional application and less than one year before the filing of the first non-provisional application in June 2006.

---

[1] Although Chase's amended complaint references various numbered exhibits, Chase did not attach any of those exhibits to the proposed amended complaint it filed with the Court. Failure to attach the claim charts is a fatal defect that provides an independent basis to deny the amendment. *See Ameranth, Inc. v. Menusoft Sys. Corp.*, 2010 U.S. Dist. LEXIS 149986, at *7 (E.D. Tex. June 17, 2010) (granting motion to dismiss where Defendants "argue[d] that their invalidity contentions contain charts that show how the allegedly withheld prior art anticipates each claim limitation" but failed to attach those charts to their answer). However, Chase served the numbered exhibits on Wapp, and Wapp has attached excerpts from several of these exhibits to this brief. Exs. D-K.

Because Chase completely fails to plead ▮▮▮▮▮ is material, the Court should deny the motion to amend as to ▮▮▮▮▮. Moreover, because Chase concedes it cannot raise a "well-pled claim under Fed. R. Civ. P 9(b) of inequitable conduct" without ▮▮▮▮▮, Chase's failure to plead the materiality of ▮▮▮▮▮ is fatal to its entire amendment. *See* Mot. at 4.

*Second*, Chase has not plausibly alleged ▮▮▮▮▮ is material. Like ▮▮▮▮▮, Chase has not mapped ▮▮▮▮▮ to any claim element and has not even alleged it qualifies as prior art under any subsection of pre-AIA §102. The invalidity charts that Chase purports to attach to its amended answer as Exhibits 3-7 do not map ▮▮▮▮▮ to any claim limitation. Instead, Chase alleges that these charts show "the user guides identified for FlashMX 2004 and Flash MX Professional 2004 disclose all the claim limitations." Ex. A at ¶¶156, 160, 164, 168, 172. These charts cite to a collection of eight alleged references—seven "Flash MX" user guides and the "Flash MX 2004 Professional software product"—and allege that these eight references "collectively count as one reference." *See, e.g.*, Ex. D at 1. Putting aside the obvious impropriety in Chase's claim that everything "count[s] as one reference," the charts do not cite ▮▮▮▮▮ as one of the eight references. Although the charts include the words ▮▮▮▮▮ in various places, Chase *never* alleges in these charts that ▮▮▮▮▮ is sufficient to disclose *any* claim element. Instead, references to ▮▮▮▮▮ are always accompanied by references to other features and documents from among the eight references in the chart. *See generally* Exs. D-H. Chase fails to plausibly allege ▮▮▮▮▮ itself discloses even one claim element, let alone that it "anticipates the asserted claims" as Chase unsuccessfully attempts to plead.

7

A party can plausibly plead materiality by providing "a claim chart outlining the applicability of the allegedly withheld piece of prior art … on a claim-by-claim and limitation-by-limitation basis." *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2011 U.S. Dist. LEXIS 160206, at *24 (E.D. Tex. Dec. 13, 2011). This chart must "show how an examiner would use the withheld reference to reject specific claims of the asserted patent." *Id.* To the extent Chase's claim charts address ▇▇▇ at all, they do not allege that ▇▇▇ is sufficient to disclose any claim element or anticipate any claim. Thus, they do not show how the examiner would reject any claim over ▇▇▇.

Chase has deliberately made its claim charts as unclear as possible because it knows that it cannot plausibly allege that ▇▇▇ is material. For example, all asserted claims require "mobile device" applications, but ▇▇▇ has nothing to do with mobile device applications. *See, e.g.*, Ex. L at Cl. 1 ("A system for developing an *application* for a *mobile device* … a plurality of network characteristics indicative of performance of the *mobile device* when executing the *application*) (emphasis added). Chase claims that ▇▇▇ is a "tool for simulating a mobile app's use of bandwidth," but the evidence Chase cites directly contradicts this statement. Ex. A at ¶95. Chase cites ▇▇▇ at page 38, but the cited passage never mentions mobile devices or mobile applications and instead refers to "a modem speed of 28.8 Kbps" (*i.e.* a dial-up modem for a PC—not a mobile device). *Id.*

Chase also alleges that "mobile devices were not limited to Flash Lite; even before Flash Lite, Flash applications were supported by mobile devices." Ex. A at ¶137. Again, the document Chase cites directly contradicts this allegation—the document is titled "Flash MX Professional 2004: *Flash Lite* Authoring Guidelines" and says that "Macromedia *Flash Lite* is designed for consumer mobile devices." Ex. J at 1, 5 (emphasis added). This cited document directly contradicts

8

Chase's allegation by making clear that mobile applications *were* limited to Flash Lite (a different software than Flash). The "Macromedia Flash 8: Developing Flash Lite Applications" document (which Chase purports to attach as Ex. 28) explains: "The following is a list of testing features that are *not available* when testing your Flash Lite content in the emulator: … ▇▇▇▇." Ex. I at 72 (emphasis added). The ▇▇▇▇ also shows the inventor recognized ▇▇▇▇ was not available for mobile applications: ▇▇▇▇

▇▇▇▇ Ex. K at 3 (emphasis added). All of these documents, which Chase purports to incorporate into its answer, tell the same story: ▇▇▇▇ could not be used with mobile applications, because mobile applications were limited to Flash Lite, and ▇▇▇▇ was "not available" for Flash Lite mobile content. Chase cannot plausibly allege that ▇▇▇▇ could be used with mobile applications. This too is fatal because all claims require mobile.

*Third*, Chase cannot plausibly plead the ▇▇▇▇ is material. Chase again relies exclusively on its claim charts. Exs. D-H. As noted above, each of these charts collectively cites to eight references, one of which is ▇▇▇▇ Chase does not allege that any of the other seven references are relevant to its inequitable conduct theory. These charts do not even attempt to show that ▇▇▇▇ *by itself* discloses any claim element, let alone that ▇▇▇▇ anticipates any claim. Instead, the charts allege that eight separate references "collectively count as one reference" and collectively anticipate. These charts do not plausibly "show how an examiner would use ▇▇▇▇ to reject specific claims of the asserted patent." *Eon Corp.* at *24.

9

Chase alleges anticipation as its basis for materiality, but has failed to plausibly allege how any of the three allegedly withheld references anticipate. Chase has not provided a single anticipation claim chart for any of the three references. At most, Chase has cited charts that allege a combination of eight different references collectively anticipates, seven of which are irrelevant to Chase's inequitable conduct allegations. These charts fail to explain how any of the three allegedly withheld references anticipate any claim and fail to "show how an examiner would use the withheld reference to reject specific claims of the asserted patent." *Eon Corp.* at *24. Chase's proposed amendment is futile as to materiality and should be denied on that basis.

### C. Chase Does Not Even Attempt to Plead the References are Non-Cumulative

Chase does not attempt to plead, even in conclusory fashion, that the alleged withheld references are not cumulative of information submitted to the PTO. To plausibly plead this element, Chase would have needed to "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *Exergen* at 1329. Chase makes no attempt to do this. Chase's failure to address cumulativeness renders its amendment futile.

Chase did not even attempt to plead that the alleged withheld references are non-cumulative, because there is no way for Chase to allege this in good faith. First, the inventor disclosed ▬▬▬▬▬ to the PTO during examination of every asserted patent. The inventor submitted a document titled "Macromedia Flash 8: Developing Flash Lite Applications" that expressly mentions ▬▬▬▬▬. Ex. M at 72. The reference was submitted initially during prosecution of a parent application to the Patents-in-Suit. Ex. N at 2; Ex. O at 2. All Patents-in-Suit are continuations, continuations-in-part, or divisionals of that parent application. Ex. L at 1:12-19; Ex. P at 1:7-14; Ex. Q at 1:8-18; Ex. R at 1:7-19; Ex. S at 1:8-16. Disclosure in the parent

application resulted in the reference being considered in the later applications as well. *See* Ex. T at 600-216 to 600-217 ("[t]he examiner will consider information which has been considered by the Office in a parent application"). The applicant also re-submitted the reference repeatedly during prosecution of later applications. *See, e.g.,* Ex. L References Cited at 2; Ex. Q References Cited at 2.

*Second*, throughout the prosecutions, the inventor disclosed multiple additional references to the PTO that Chase itself admits are cumulative of the allegedly withheld references because they allegedly teach the same claim limitations. For example, Chase alleges in its invalidity contentions that "Brian Maas, Using Palm OS® Emulator" anticipates asserted claims of each patent-in-suit. *See* Exs. U-Y. Yet "Brian Maas, Using Palm OS® Emulator" was disclosed during prosecution of the '192, '678, '811, and '579 Patents and the examiner nevertheless allowed the asserted claims. Ex. L References Cited at 2; Ex. Q References Cited at 2; Ex. R References Cited at 3; Ex. S References Cited at 3. Many additional references that Chase admits are cumulative were disclosed during prosecution of one or more asserted patents, *e.g.*:

- Java WTK 2.1 (Claim Charts Exs.Z-DD)
    - Disclosed for '811 and '579 Patents Ex. R References Cited at 2 ('811); Ex. S References Cited at 3 ('579).
    - Newer version (2.2) disclosed for '192 and '678 Patents. Ex. L References Cited at 2 ('192); Ex. Q References Cited at 2 ('678).
- Binder (Claim Charts Exs. EE-II)
    - Disclosed for the '811 and '579 Patents. Ex. R References Cited at 2 ('811); Ex. S References Cited at 2 ('579).
- Nahata (Claim Charts Exs. JJ-NN)

11

- o Disclosed for the '811 and '579 Patents. Ex. R References Cited at 2 ('811); Ex. S References Cited at 2 ('579).
- Starting with Brew (Claim Charts Exs. OO-SS)
  - o Disclosed for the '811 and '579 Patents. Ex. R References Cited at 2 ('811); Ex. S References Cited at 3 ('579).

Chase has failed to plead inequitable conduct because it has not even attempted to "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record" before the examiner. It cannot plausibly do this, because it has admitted that cumulative information was of record. Chase's proposed amendment is futile because Chase cannot plead that the allegedly withheld references are non-cumulative.

### D. Chase Fails to Plausibly Plead Knowledge or Intent to Deceive

To plead knowledge, Chase would need to plausibly allege the inventor "knew of the withheld material information." *Exergen* at 1330. Chase does not do this for any of the allegedly withheld references.

Chase plausibly alleges that the inventor was aware of ▮▮▮▮ and was aware of ▮▮▮▮ generally. However, as discussed above, Chase has not plausibly alleged that either ▮▮▮▮ or the ▮▮▮▮ was material or that either qualifies as prior art under §102. As to these alleged references, Chase fails to plausibly allege "knowledge chargeable to the patent applicant of prior art and its materiality." *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2, 2010 U.S. Dist. LEXIS 104092, at *23 (E.D. Tex. Sep. 10, 2010).

Chase also has not plausibly alleged the ▮▮▮▮ is material, as discussed above. Moreover, Chase has not alleged, even in conclusory fashion, that the inventor

12

was aware of the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. At most, Chase's pleading could be read to imply that the inventor should have known of ▓▓▓▓▓▓▓▓▓▓ because it was allegedly available on the internet. Alleging an inventor "should have known" of a reference is insufficient to plead inequitable conduct. *Microunity Sys. Eng'g v. Acer Inc.*, No. 2:10-CV-91-LED-RSP, 2012 U.S. Dist. LEXIS 139277, at *17 (E.D. Tex. Aug. 29, 2012) ("the pleadings allege that … MicroUnity should have known of the HP prior art. Even at the pleading stage, this is not a sufficient basis to allege inequitable conduct because the test is whether the Court can reasonably infer that MicroUnity had *actual knowledge* of material information.") (emphasis added). Chase has failed to plead actual knowledge of the "prior art and its materiality" as to ▓▓▓▓▓▓▓▓▓.

      Chase also fails to plausibly plead "sufficient allegations of underlying facts from which a court may reasonably infer … [the patentee] withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen* at 1330. Chase alleges intent to deceive solely because the three alleged references were not disclosed. *See, e.g.*, Ex. A at ¶114 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"); *see also* ¶¶79, 109, 116, 118, 123, 128, 133, 140, 143, 144, 145, 146, 151 (same type of allegation).

      That a reference, even a material reference, was not disclosed is insufficient to plead intent to deceive. *Exergen* at 1331 ("the district court was correct not to draw any permissive inference of deceptive intent … established upon a mere showing that art or information having some degree

13

of materiality was not disclosed."); *Larson Mfg. Co. of S.D. v. Aluminart Prods.*, 559 F.3d 1317, 1340 (Fed. Cir. 2009) ("materiality does not presume intent, and nondisclosure, by itself, cannot satisfy the deceptive intent element"). Chase's allegations of intent to deceive fail to satisfy Rule 9(b) because they are based entirely on allegations of failure to disclose allegedly material references, and the law is clear that this type of allegation is insufficient.

It is also proper at the pleading stage for the Court to assess "objective indications of candor and good faith" when determining whether an inference of deceptive intent is plausible. *Exergen* at 1329 n.5 ("A reasonable inference is one that is plausible and that flows logically from the facts alleged, *including any objective indications of candor and good faith*.") (emphasis added); *Greenstone v. Cambex Corp.*, 975 F.2d 22, 26 (1st Cir. 1992) (pleading failed to plausibly allege intent under Rule 9(b) where "Cambex publicized its IBM memory 'trade-in' practice with a candor that seems inconsistent with knowledge of illegality or fear of a lawsuit"). Chase has not plausibly pleaded intent to deceive in the first place, and the objective indicia of candor and good faith also show that any inference of intent to deceive is implausible.

*First*, Chase admits that "Mr. Poulin produced ▆▆▆▆▆▆ in three separate litigations where Wapp Tech asserted the related '192, '864, '678 Patents against Micro Focus, Bank of America, and Wells Fargo Bank." Ex. A at ¶80. The inventor's disclosure of ▆▆ in multiple prior lawsuits is objective evidence of candor and good faith, and makes an inference of deceptive intent implausible. Moreover, the fact that none of the prior defendants asserted inequitable conduct, even after receiving ▆▆▆▆▆▆, is an objective indication of candor. These three adverse parties did not believe they had a plausible basis to allege inequitable conduct, otherwise they would have done so.

14

*Second*, Chase admits that the inventor disclosed a variety of "Macromedia and Flash references" to the PTO during prosecution. Ex. A at ¶¶136, 139, 143, 144, 145, 146. These references include the document titled "Macromedia Flash 8: Developing Flash Lite Applications" that expressly mentions ███████. Ex. A at ¶136; Ex. M at 72. Disclosing hundreds of pages of Macromedia and Flash references to the PTO, including references to ███████, is inconsistent with deceptive intent and objectively indicates candor and good faith.

*Third*, as discussed in section II.C. above, the inventor submitted multiple references to the PTO that Chase itself admits are cumulative. Submitting references that are cumulative of the disclosures of the alleged withheld references is inconsistent with an intent to deceive the PTO and objectively indicates candor and good faith.

*Fourth*, when Chase served invalidity contentions in this case, the inventor filed a request for continued examination of a pending patent application that had already received an issue notification (which he was not required to do) and submitted the new art Chase had identified for the first time. Ex. TT (Issue Notification); Ex. UU (RCE); Ex. VV (IDS documents). This included the ███████. Ex. VV at 39. The examiner has considered the submitted art and allowed the pending claims. The fact that the inventor voluntarily withdrew a patent that had already been placed in condition to issue and submitted all of Chase's alleged prior art objectively indicates candor and good faith.

## III.   CONCLUSION

Chase has failed to plead materiality, non-cumulativeness, knowledge, or intent. Failure to plead even one of these essential elements of inequitable conduct renders the amendment futile. Wapp respectfully requests the Court deny Chase's baseless motion to amend.

DATED: August 20, 2024              Respectfully submitted,

                                                   By: /s/ *Alden G. Harris*
                                                        Leslie V. Payne
                                                        State Bar No. 0784736
                                                        lpayne@hpcllp.com
                                                        R. Allan Bullwinkel
                                                        State Bar No. 24064327
                                                        abullwinkel@hpcllp.com
                                                        Alden G. Harris
                                                        State Bar No. 24083138
                                                        aharris@hpcllp.com
                                                        Christopher L. Limbacher
                                                        State Bar No. 24102097
                                                        climbacher@hpcllp.com
                                                        HEIM PAYNE & CHORUSH, LLP
                                                        609 Main Street, Suite 3200
                                                        Houston, Texas 77002
                                                        Telephone: (713) 221-2000
                                                        Facsimile: (713) 221-2021

                                                        **ATTORNEYS FOR PLAINTIFFS**
                                                        **WAPP TECH LIMITED PARTNERSHIP and**
                                                        **WAPP TECH CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on August 20, 2024.

/s/ *Alden G. Harris*
Alden G. Harris

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify per LR CV-5(a)(7)(B) that I am authorized to file the foregoing document and its attachments under seal pursuant to paragraph 16 of the Protective Order (Dkt. 23), because this document and its attachments contain Designated Material.

/s/ *Alden G. Harris*
Alden G. Harris