# Exhibit X

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

# EXHIBIT D-6d

## Invalidity of U.S. Patent No. 10,353,811 by Using the Palm Emulator

As described in the following claim chart, claims 1, 4, 5, 8, and 9 of U.S. patent 10,353,811 (the '811 patent) are invalid as anticipated under 35 U.S.C. § 102 by "Using Palm OS® Emulator" by Brian Maas ("Using the Palm Emulator") and/or would have been obvious under 35 U.S.C. § 103 over Using Palm OS® Emulator and/or the knowledge of a person of ordinary skill in the art ("POSA").

"Using Palm OS® Emulator" by Brian Maas ("Using the Palm Emulator") is a printed publication with a copyright date of 1996-2002. It thus qualifies as prior art to the '811 patent at least under pre-AIA 35 U.S.C. §§ 102(a) and (b) based on a Wapp's earliest priority date claimed in Wapp's preliminary Infringement Contentions of June 10, 2005 (the date of Provisional Application No. 60/689,101). As set forth in Defendant's ("JPMC's") accompanying invalidity contention cover pleading, Using the Palm Emulator is prior art under pre-AIA 35 U.S.C. §§ 102(a) and (b) if it is determined that the '811 patent is entitled to a priority date of June 9, 2006 (the filing date of U.S. Patent App. No. 7,813,910).

To the extent Using the Palm Emulator does not expressly or inherently disclose one or more of the limitation of the claims, such limitations would have been obvious in view of the teachings of Using the Palm Emulator in combination with the knowledge of a POSA and/or one or more of the references identified in JPMC's Invalidity Contentions.

JPMC notes that obviousness analysis involves an expansive and flexible approach that takes into account the background knowledge, creativity, and common sense of a POSA. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418, 421 (2007). Accordingly, JPMC reserves the right to supplement these statements of obviousness based on further discovery and developments in this case, such as the Court's claim construction.

The chart below provides representative examples of where each element of each claim is found in the referenced documents. Citations are meant to be exemplary, not exhaustive, and JPMC reserves the right to identify and discuss additional portions of the references in support of its contentions and/or to rebut arguments made by Wapp. Citations to figures, drawings, tables, and the like include reference to any accompanying or related text. All internal cross references are meant to incorporate the cross-referenced material as if fully set forth therein.

Wapp's Infringement Contentions have not established that JPMC infringes any valid claim. Thus, JPMC's statements below should not be treated as an admission, implication, or suggestion that JPMC agrees with Wapp regarding either the scope,

Case 4:23-cv-01137-ALM   Document 52-25   Filed 08/27/24   Page 3 of 3 PageID #: 2159

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

construction, or interpretation of any of the claims, or the infringement theories advanced by Wapp in its Infringement Contentions, including whether any claim satisfies 35 U.S.C. §§ 101 or 112.  In certain cases, JPMC specified non-limiting examples of where its application of the prior art is based on Wapp's apparent application of the claim limitation in the Infringement Contentions.  These statements are not intended to suggest that JPMC agrees with Wapp's application of any claim term. The Court has not yet construed any disputed terms and, therefore, these invalidity contentions take into account all possible constructions.  JPMC reserves the right to supplement these contentions after receiving the Court's claim construction or any Court ruling or change of position by Wapp on the priority dates to which Wapp is entitled.

      Wapp has yet to identify in this case, any limitation of the claims that it contends is not anticipated and/or rendered obvious by the referenced documents, and/or knowledge of a POSA.  JPMC therefore expressly reserves the right to respond to any such contention, including by identifying additional obviousness citations and/or combinations, if Wapp makes any such contentions.