# Exhibit JJ

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

## EXHIBIT A-7c

### Invalidity of U.S. Patent No. 8,924,192 Over U.S. Pub. No. 2005/0125211 ("Nahata")

As described in the following claim chart, claims 1-7, 9, 12, 13, 60-62 and 65 of U.S. Patent No. 8,294,192 ("the '192 Patent") are invalid because they are anticipated under 35 U.S.C. § 102 by U.S. Pub. No. 2005/0125211 ("Nahata") and/or would have been obvious under 35 U.S.C. § 103 over Nahata and/or the knowledge of a person of ordinary skill in the art ("POSA").

Nahata is a printed patent application filed November 15, 2004, claiming priority to a provisional application filed November 13, 2003, and published June 9, 2005. Nahata issued as U.S. Patent No. 7,877,247 on January 25, 2011. Nahata is therefore prior art to the '192 Patent under pre-AIA 35 U.S.C. §§ 102(a) and (e) based on the earliest claimed priority date in Plaintiffs' Preliminary infringement contentions of June 10, 2005 (the filing date of Provisional Application. No. 60/689,101). Nahata is prior art to the '192 Patent under pre-AIA 35 U.S.C. §§ 102(a) and (e) if it is determined that the '192 Patent is entitled to a priority date of June 9, 2006 (the filing date of the earliest filed non-provisional application to which Plaintiffs claim priority).

To the extent Nahata does not disclose one or more of the limitations of the claims, such limitations would have been inherent and/or obvious in view of Nahata in combination with the knowledge of a person of ordinary skill in the art ("POSA") and/or one or more of the references identified in Defendant's Invalidity Contentions.

Defendant ("JPMC") notes that obviousness analysis involves an expansive and flexible approach that takes into account the background knowledge, creativity, and common sense of a POSA. *KSR Int'l v. Teleflex, Inc.*, 550 U.S. 398. 418, 421 (2007). Accordingly, JPMC reserves the right to supplement any statements of obviousness based on further discovery and developments in this case, such as the Court's claim construction.

The chart below provides representative examples of where each element of each claim is found in the referenced documents. Citations are meant to be exemplary, not exhaustive, and JPMC reserves the right to identify and discuss additional portions of the references in support of its contentions and/or to rebut arguments made by Wapp. Citations to figures, drawings, tables, and the like include reference to any accompanying or related text. All internal cross references are meant to incorporate the cross-referenced material as if fully set forth therein.

Wapp's Infringement Contentions have not established that JPMC infringes any valid claim. Thus, JPMC's statements below should not be treated as an admission, implication, or suggestion that JPMC agrees with Wapp regarding either the scope, construction, or interpretation of any of the asserted claims, or the infringement theories advanced by Wapp in its Infringement Contentions, including whether any asserted claim satisfies 35 U.S.C. §§ 101 or 112. In certain cases, JPMC specified non-limiting

Case 4:23-cv-01137-ALM   Document 53-10   Filed 08/27/24   Page 3 of 3 PageID #: 2186

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

examples of where its application of the prior art is based on Wapp's apparent application of the claim limitation in the Infringement Contentions. These statements are not intended to suggest that JPMC agrees with Wapp's application of any claim term. The Court has not construed any disputed terms and, therefore, these invalidity contentions take into account all possible constructions. JPMC reserves the right to supplement these contentions after receiving the Court's claim construction or any Court ruling or change of position by Wapp on the priority dates to which Wapp is entitled.

Wapp has yet to identify in this case, any limitation of the asserted claims that it contends is not anticipated and/or rendered obvious by the referenced documents, and/or knowledge of a POSA. JPMC therefore expressly reserves the right to respond to any such contention, including by identifying additional obviousness citations and/or combinations, if Wapp makes any such contentions.

**Claim 1**

| '192 Claim 1 | Prior Art Disclosure |
|---|---|
| 1[a] A system for developing an application for a mobile device comprising: | Defendant takes no position in these Invalidity Contentions on whether the entirety of the preamble of this claim is limiting. To the extent the preamble is limiting, Nahata discloses, explicitly and/or inherently, a system for developing an application for a mobile device.<br><br>*See, e.g.,*<br><br>[Nahata, ¶ 36] "The following detailed description describes methods, systems, software and apparatus used to simulate one or more devices at a computing device. In at least one embodiment a device simulator can simulate a portable device at a computing system. Application programs developed for the actual physical portable device that corresponds to a simulated device can be executed at the computing system. In particular, the application programs can be tested using simulated devices generated at the computer device."<br><br>[Nahata, ¶ 45] "Referring now to FIG. 3, a system for simulating personal computing devices is shown and is generally designated 300. As shown, the system 300 includes a computing system 302. In an illustrative embodiment, the computing System 302 can be a desktop computing device, a laptop computing device, or a handheld computing device. An input device 304 is coupled to the computing system 302. In an illustrative embodiment, the input device 304 can be used to input data or information. In a particular embodiment, the input device 304 is a keyboard. In other exemplary, non limiting embodiments, the input device 304 can be a mouse, a light pen, a Scanner, a touch Screen, a cellular telephone, a digital camera, or an MP3 player." |