# Exhibit QQ

# Exhibit QQ

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

## EXHIBIT C-7g

### Invalidity of U.S. Patent No. 9,971,678 Over "Starting with BREW"

As described in the following claim chart, claims 1-7, 9, 12, 13, 21, and 22 of U.S. Patent No. 9,971,678 ("the '678 Patent") are anticipated under 35 U.S.C. § 102 by the QUALCOMM publication "Staring with BREW" and/or would have been obvious under 35 U.S.C. § 103 over Starting with BREW and/or the knowledge of a person of ordinary skill in the art ("POSA").

Starting with BREW is a printed publication with a copyright date of 2004 and a revision date of April 27, 2004. Starting with BREW was published by QUALCOMM Incorporated and made publicly available on QUALCOMM's website. Starting with BREW is therefore prior art to the '678 Patent under pre-AIA U.S.C. §§ 102(a) and (b) based on the earliest claimed priority date in Plaintiffs' Preliminary Infringement Contentions of June 10, 2005 (the filing date of Provisional Application No. 60/689,101). Starting with BREW is prior art to the '678 Patent under pre-AIA 35 U.S.C. §§ 102(a) and (b) if it is determined that the '678 Patent is entitled to a priority date of June 9, 2006 (the filing date of U.S. Patent No. 7,813,910).

To the extent Starting with BREW does not disclose one or more of the limitations of the claims, such limitations would have been inherent and/or obvious in view of Starting with BREW in combination with the knowledge of a POSA and/or one or more of the references identified in Defendant's Invalidity Contentions.

Defendant ("JPMC") notes that obviousness analysis involves an expansive and flexible approach that takes into account the background knowledge, creativity, and common sense of a POSA. *KSR Int'l v. Teleflex, Inc.*, 550 U.S. 398, 418, 421 (2007). Accordingly, JPMC reserves the right to supplement any statements of obviousness based on further discovery and developments in this case, such as the Court's claim construction.

The chart below provides representative examples of where each element of each claim is found in the referenced documents. Citations are meant to be exemplary, not exhaustive, and JPMC reserves the right to identify and discuss additional portions of the references in support of its contentions and/or to rebut arguments made by Wapp. Citations to figures, drawings, tables, and the like include reference to any accompanying or related text. All internal cross references are meant to incorporate the cross-referenced material as if fully set forth therein.

Wapp's Infringement Contentions have not established that JPMC infringes any valid claim. Thus, JPMC's statements below should not be treated as an admission, implication, or suggestion that JPMC agrees with Wapp regarding either the scope, construction, or interpretation of any of the asserted claims, or the infringement theories advanced by Wapp in its Infringement Contentions, including whether any asserted claim satisfies 35 U.S.C. §§ 101 or 112. In certain cases, JPMC specified non-limiting

Case 4:23-cv-01137-ALM    Document 53-17    Filed 08/27/24    Page 3 of 3 PageID #: 2207

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

examples of where its application of the prior art is based on Wapp's apparent application of the claim limitation in the Infringement Contentions. These statements are not intended to suggest that JPMC agrees with Wapp's application of any claim term. The Court has not construed any disputed terms and, therefore, these invalidity contentions take into account all possible constructions. JPMC reserves the right to supplement these contentions after receiving the Court's claim construction or any Court ruling or change of position by Wapp on the priority dates to which Wapp is entitled.

Wapp has yet to identify in this case, any limitation of the asserted claims that it contends is not anticipated and/or rendered obvious by the referenced documents, and/or knowledge of a POSA. JPMC therefore expressly reserves the right to respond to any such contention, including by identifying additional obviousness citations and/or combinations, if Wapp makes any such contentions.

**Claim 1**

| '678 Claim 1 | Prior Art Disclosure |
|---|---|
| 1[a] A system for testing an application for a mobile device comprising: | Defendant takes no position in these Invalidity Contentions on whether the entirety of the preamble of this claim is limiting. To the extent the preamble is limiting, Starting with Starting with BREW discloses, explicitly and/or inherently, a system for testing an application for a mobile device.<br><br>*See, e.g.,*<br><br>[Starting with BREW, p.47] "After successfully building your application DLL, you can choose to run it within the Simulator. To do so, select Execute from the Visual Studio Build menu (see Figure 22. Running the DLL)."<br><br>[Starting with BREW, p.51] "The BREW Simulator provides a convenient environment for running and debugging your applications prior to transferring them to a mobile device."<br><br>[Starting with BREW, p.52-53] "NOTE: Device skins allow you to test your application using the appearance and limitations of the intended device, but they do not completely replicate the specific device environment. The Simulator and its device skins should not replace testing your application directly on the device. Many phones have known issues are not reproduced in the Simulator."<br><br>[Starting with BREW, p.56] "The Simulator has the capability of mimicking external stimulus to your application, such as GPS readings or incoming voice calls and SMS messages. For more information on |