# Exhibit SS

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

## EXHIBIT E-7g

### Invalidity of U.S. Patent No. 10,691,579 Over "Starting with BREW"

As described in the following claim chart, claims 15-20, 25-29, 33, and 34 of U.S. Patent No. 10,691,579 ("the '579 Patent") are anticipated under 35 U.S.C. § 102 by the QUALCOMM publication "Staring with BREW" and/or would have been obvious under 35 U.S.C. § 103 over Starting with BREW and/or the knowledge of a person of ordinary skill in the art ("POSA").

Starting with BREW is a printed publication with a copyright date of 2004 and a revision date of April 27, 2004. Starting with BREW was published by QUALCOMM Incorporated and made publicly available on QUALCOMM's website. Starting with BREW is therefore prior art to the '579 Patent under pre-AIA U.S.C. §§ 102(a) and (b) based on the earliest claimed priority date in Plaintiffs' Preliminary Infringement Contentions of June 10, 2005 (the filing date of Provisional Application No. 60/689,101). Starting with BREW is prior art to the '579 Patent under pre-AIA 35 U.S.C. §§ 102(a) and (b) if it is determined that the '579 Patent is entitled to a priority date of June 9, 2006 (the filing date of U.S. Patent No. 7,813,910).

To the extent Starting with BREW does not disclose one or more of the limitations of the claims, such limitations would have been inherent and/or obvious in view of Starting with BREW in combination with the knowledge of a POSA and/or one or more of the references identified in Defendant's Invalidity Contentions.

Defendant ("JPMC") notes that obviousness analysis involves an expansive and flexible approach that takes into account the background knowledge, creativity, and common sense of a POSA. *KSR Int'l v. Teleflex, Inc.*, 550 U.S. 398, 418, 421 (2007). Accordingly, JPMC reserves the right to supplement any statements of obviousness based on further discovery and developments in this case, such as the Court's claim construction.

The chart below provides representative examples of where each element of each claim is found in the referenced documents. Citations are meant to be exemplary, not exhaustive, and JPMC reserves the right to identify and discuss additional portions of the references in support of its contentions and/or to rebut arguments made by Wapp. Citations to figures, drawings, tables, and the like include reference to any accompanying or related text. All internal cross references are meant to incorporate the cross-referenced material as if fully set forth therein.

Wapp's Infringement Contentions have not established that JPMC infringes any valid claim. Thus, JPMC's statements below should not be treated as an admission, implication, or suggestion that JPMC agrees with Wapp regarding either the scope, construction, or interpretation of any of the asserted claims, or the infringement theories advanced by Wapp in its Infringement Contentions, including whether any asserted claim satisfies 35 U.S.C. §§ 101 or 112. In certain cases, JPMC specified non-limiting

Case 4:23-cv-01137-ALM   Document 53-19   Filed 08/27/24   Page 3 of 3 PageID #: 2213

*Wapp Tech Limited Partnership et al. v. JPMorgan Chase Bank, N.A.*, No. 4:23-cv-1137 (E.D. Tex.)

examples of where its application of the prior art is based on Wapp's apparent application of the claim limitation in the Infringement Contentions.  These statements are not intended to suggest that JPMC agrees with Wapp's application of any claim term.  The Court has not construed any disputed terms and, therefore, these invalidity contentions take into account all possible constructions.  JPMC reserves the right to supplement these contentions after receiving the Court's claim construction or any Court ruling or change of position by Wapp on the priority dates to which Wapp is entitled.

Wapp has yet to identify in this case, any limitation of the asserted claims that it contends is not anticipated and/or rendered obvious by the referenced documents, and/or knowledge of a POSA.  JPMC therefore expressly reserves the right to respond to any such contention, including by identifying additional obviousness citations and/or combinations, if Wapp makes any such contentions.

**Claim 15**

| '579 Claim 15 | Prior Art Disclosure |
|---|---|
| 15[a] A non-transitory, computer-readable medium comprising software instructions for developing an application to be run on a mobile device, wherein the software instructions, when executed, cause a computer to | Defendant takes no position in these Invalidity Contentions on whether the entirety of the preamble of this claim is limiting.  To the extent the preamble is limiting, Starting with Starting with BREW discloses, explicitly and/or inherently, a non-transitory, computer-readable medium comprising software instructions for developing an application to be run on a mobile device, wherein the software instructions, when executed, cause a computer to….<br><br>*See, e.g.,*<br><br>[Starting with BREW, p.20] "This section presents an overview of the BREW development process, including the basic steps necessary to write a functional BREW application. For a more in-depth tutorial on writing your first BREW application refer to the Creating a BREW™ Application from Scratch document, which details the creation of an application with key handling and resource files."<br><br>[Starting with BREW, p.45] "After writing your BREW application, you can build a DLL for use by the Simulator. First, ensure that you created a MIF for your application and generated a valid class ID file (see the Using the BREW MIF Editor for more details)." |