# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Defendant. | Civil Action No. 4:23-cv-01137-ALM <br><br> JURY TRIAL DEMANDED |

**DEFENDANT JPMORGAN CHASE BANK'S REPLY IN
SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE
<u>FIRST AMENDED ANSWER AND COUNTERCLAIMS</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 1 |
| II. | WAPP APPLIES THE WRONG LEGAL STANDARD—INCORRECTLY ARGUING THE ULTIMATE RESOLUTION OF INEQUITABLE CONDUCT ............................... | 1 |
| | A. JPMC Specifically Identifies The Withheld Prior Art In 20+ Paragraphs.............. | 2 |
| | B. JPMC Pleads Knowledge And Intent To Deceive With Particularity In 30+ Paragraphs................................................................................................................ | 2 |
| | C. JPMC Pleads Materiality And Non-Cumulativeness With Particularity In 79 Paragraphs................................................................................................................ | 4 |
| | D. Wapp Has No Rebuttal That Its Own Infringement Allegations Establish The Materiality and Non-Cumulativeness Of Macromedia's Bandwidth Profiler ........ | 5 |
| III. | CONCLUSION......................................................................................................... | 5 |

██████████████████████████████

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Am. Calcar, Inc. v. Am. Honda Motor Co.*,
   768 F.3d 1185 (Fed. Cir. 2014) ...................................................................................................3

*Jordan Kahn Music Co. v. Taglioli*,
   2022 WL 178811 (E.D. Tex. 2022) ..........................................................................................1, 2

*Li Second Fam. Ltd. v. Toshiba Corp.*,
   231 F.3d 1373 (Fed. Cir. 2000)....................................................................................................4

*Peters v. Active Mfg. Co.*,
   129 U.S. 530 (1889)......................................................................................................................7

*SB IP Holdings LLC v. Vivint Smart Home, Inc.*,
   2022 WL 2761343 (E.D. Tex. 2022) ........................................................................................1, 2

*Versata Software v. Internet Brands, Inc.*,
   2012 WL 226640 (E.D. Tex. 2012) .............................................................................................5

**Other Authorities**

FED. R. CIV. P. 9(b) ........................................................................................................................1

FED. R. CIV. P. 15(a)............................................................................................................. *passim*

*Emphasis added and citations and internal quotations omitted herein unless otherwise noted.

**All exhibits are to JPMC's First Amended Answer and Counterclaims (Ex. A, Dkt. 43-1) and the declaration of Yury Kalish submitted herewith.

***All paragraphs cited herein are to JPMC's First Amended Answer and Counterclaims beginning on page 32 of Ex. A, Dkt. 43-1.

### I.   INTRODUCTION

JPMC's inequitable conduct pleading spans 106 paragraphs across 40 pages.  (Ex. A, pp. 32-71 at ¶¶ 72-178).  A straightforward reading of these paragraphs demonstrates they are more than sufficient under Rule 9(b)—detailing with particularity the specific *who* (¶¶ 72-83, 98-105), *what* (¶¶ 77-105, 129-146), *when* (¶¶ 98-146), *where* (¶¶ 98-146, 152-175), *why*, *and how* (¶¶ 82-93, 147-175) of the inventor's inequitable conduct.  Wapp's attempt to cast these detailed pleadings as "reckless" and the "slenderest" of reads is wrong.  The entirety of Wapp's brief is spent (i) ignoring the controlling legal standard at the pleading phase, (ii) disputing the ultimate resolution of JPMC's detailed factual allegations, and (iii) raising legally irrelevant arguments with no supporting authority.

As this Court explained, "Rule 15(a) instructs the court to freely give leave when justice so requires" and "evinces a bias in favor of granting leave to amend."  *SB IP Holdings v. Vivint Smart Home*, 2022 WL 2761343, *2 (E.D. Tex. 2022).  When evaluating a futility challenge under Rule 15(a), "the Court must accept as true all well-pleaded facts" and "view those facts in the light most favorable to" JPMC.  *Id*.  JPMC's 106 detailed paragraphs across 40 pages easily meet this standard.  JPMC respectfully requests leave to so amend.

### II.   WAPP APPLIES THE WRONG LEGAL STANDARD—INCORRECTLY ARGUING THE ULTIMATE RESOLUTION OF INEQUITABLE CONDUCT

As this Court instructed, "[a] claim has facial plausibility when the [movant] pleads factual content that allows the [C]ourt to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged."  *Jordan Kahn Music Co. v. Taglioli*, 2022 WL 178811, *3 (E.D. Tex. 2022).  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Id.*  Measured under this standard, Wapp's arguments fail to disturb Rule 15(a)'s directive that courts must "freely give leave when justice requires."  *Id.* at *2.

1

#### A. JPMC Specifically Identifies The Withheld Prior Art In 20+ Paragraphs

Wapp wrongly contends that "Chase's amended answer is unclear about what 'specific prior art' was allegedly material and withheld." (Dkt. 47 at 5). JPMC identifies the withheld prior art with specificity in at least 21 paragraphs. (Ex. A, ¶¶ 79, 105, 108-118, 123, 128, 132, 140, 143-146). For example, paragraph 145 pleads with particularity:

>  chose to *withhold disclosure of* ████████ *functionality, including withholding* ████ *that describe* ████ *functionality,*

(*Id.* at ¶ 145). Indeed, Wapp itself acknowledges that JPMC specifically pleaded the withheld prior art as ████████████████████████████ (Dkt. 47 at 5).

Accepting JPMC's well-pleaded facts as true under Rules 15(a) and 12(b)(6), JPMC's paragraphs 79, 105, 108-118, 123, 128, 132, 140, 143-146 of its amended counterclaims (Ex. A) identify the withheld prior art with particularity. Wapp's "lack of clarity" argument, at most, raises a factual dispute that must be resolved in JPMC's favor at this stage.

#### B. JPMC Pleads Knowledge And Intent To Deceive With Particularity In 30+ Paragraphs

Ignoring the pleading standard, Wapp raises a series of irrelevant arguments. ***First***, Wapp asserts that production of ████████ in later litigation shows that JPMC did not adequately plead inequitable conduct. (Dkt. 47 at 14). This is a non-sequitur. The inventor's disclosure must be made to the PTO, not in later litigation. As JPMC pleads in paragraphs 79-81, the inventor's production of ████ in litigation describing ████████████████ ████████—████████████████████████████████████ ████████████████████████████████████████ ████████ Tellingly, Wapp ***cites no authority*** for its position that producing information

2

in litigation has any bearing on intent to deceive the PTO. **Second**, Wapp's argument that prior defendants did not raise inequitable conduct is equally irrelevant. (Dkt. 47 at 14). This argument has nothing to do with JPMC's 106 paragraphs of well-pled factual allegations of inequitable conduct. (Ex. A, p. 32-71 at ¶¶ 72-178). ▮ Again, Wapp *cites no authority* for its erroneous position. ▮

**Third**, Wapp argues that the inventor disclosed "hundreds of pages of Macromedia and Flash references to the PTO" including "Flash Lite" with a passing reference to ▮. (Dkt. 47 at 15). That argument, however, fortifies JPMC's allegations of the inventor's deceptive intent. As JPMC pled with particularity in paragraph 136 and others, "▮" (Dkt 43-1 ¶ 136). ***"Partial disclosure" to the PTO "cannot absolve a patentee of intent if the disclosure is intentionally selective."*** *Am. Calcar v. Am. Honda*, 768 F.3d 1185, 1190 (Fed. Cir. 2014) (affirming inequitable conduct where applicant "only disclosed the mere existence of the 96RL system ***without providing its operational details***"). Accepting JPMC's well-pleaded facts as true under Rules 15(a) and 12(b)(6), Wapp's argument, at most, raises a factual dispute that must be resolved in JPMC's favor at this stage.

**Finally**, Wapp erroneously contends there was no intent to deceive because the inventor recently disclosed JPMC's invalidity contentions to the PTO during prosecution of later applications. (Dkt. 47 at 15). The law is clear that subsequently disclosing information in later applications cannot cure inequitable conduct in earlier applications. *Li Second Fam. v. Toshiba*,

3

████████████████████████████

231 F.3d 1373, 1381 (Fed. Cir. 2000) (disclosure in later application "has *no bearing* on whether [applicant] acted with deceptive intent during prosecution of the [earlier] application").

      **C.    JPMC Pleads Materiality And Non-Cumulativeness With Particularity In 79 Paragraphs**

Likewise, Wapp's arguments about materiality and cumulativeness concern the ultimate merits and are contrary to the pleading standard under Rules 15(a) and 12(b)(6). Wapp wrongly contends that ███████████████████ has nothing to do with mobile device applications." (Dkt. 47 at 7). But in fact, JPMC specifically identifies and shows images of ███████████████████████ running a mobile device application in paragraphs 155, 157, 162, 165, 169, and 173 of its amended counterclaims (Ex. A). Wapp's argument is no more than a factual dispute that must be resolved in JPMC's favor at this stage.

Wapp also disputes that ███████████████████████ invalidates the asserted claims by anticipation, arguing that JPMC's invalidity claim charts only show anticipation based on multiple documents. (Dkt. 47 at 9). That contention is wrong on its face. JPMC's invalidity claim charts excerpted in and attached to the amended counterclaims are highlighted throughout to specifically show how disclosures of ███████████████████████████ anticipate the asserted claims, including those in ██████████████████████.[1] (*See, e.g.*, Ex. 4 at 1-34 highlighting disclosures of ████████████████ against claim 1, '864 patent). Wapp's contrary contention is, at best, a factual dispute that must be resolved in JPMC's favor.

Wapp also wrongly contends that JPMC did not plead non-cumulativeness over Mr. Poulin's disclosures of Macromedia and Flash. But in fact in paragraphs 82 and 152-175, JPMC

---

[1] Wapp faults JPMC for not filing certain exhibits, including highlighted invalidity charts, to the proposed amended answer and counterclaims. (Dkt. 47 at 6, n1). Due to the large size of these exhibits, their upload crashed with the filing of JPMC's motion and the ECF crash report is attached as Ex. 36. However, relevant sections of these exhibits were explicitly excerpted within the filed pleading itself, and all exhibits in full were served on Wapp's counsel that day. Therefore, Wapp suffered no prejudice. In fact, Wapp relied on the content of the exhibits in its Response. (*See, e.g.*, Dkt. 47 at 6). In any event, the full set of exhibits are filed with this Reply (Ex. 1-35).

specifically pleads that "█████████████████████" expressly discloses and anticipates the asserted claims of the Patents-in-Suit" and "[h]ad the PTO known about ██████████████ █████, the PTO would not have allowed those claims." (Ex. A). Courts consider non-cumulativeness as affirmatively pled where, as here, inequitable conduct is based on withholding an anticipatory reference. *See Versata Software v. Internet Brands, Inc.*, 2012 WL 226640, at *3 (E.D. Tex. 2012). "According to the plaintiffs, the defendants should have demonstrated that the withheld information was not cumulative. ***Such a showing is unnecessary in a case such as this, in which the defendants have alleged that the withheld information anticipated the claimed inventions***." *Id.* "It would go beyond even the enhanced pleading requirements of *Exergen* to require a party to demonstrate, by analyzing each of the references before the examiner, that an allegedly anticipating reference was not cumulative." *Id.* Wapp's contention to the contrary is a factual dispute that must be resolved in JPMC's favor.[2]

### D. Wapp Has No Rebuttal That Its Own Infringement Allegations Establish The Materiality and Non-Cumulativeness Of Macromedia's Bandwidth Profiler

Wapp contends that "Chase does not attempt to map this concept ████████ ████████ to any claim limitation." (Dkt. 47 at 6). To the contrary, JPMC explicitly maps how █ ███████████ is material using Wapp's own infringement allegations in the complaint and its infringement contentions. (Dkt. 43-1, ¶¶ 84-93 and Ex. 8-17). If Wapp's infringement contentions are to be credited—as they must at this stage—"[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg.*, 129 U.S. 530, 537 (1889). On this point, Wapp is silent, further demonstrating that JPMC sufficiently pled materiality and non-cumulativeness.

### III. CONCLUSION

For these additional reasons, JPMC respectfully requests leave to amend.

---

[2] Wapp's reliance on a disclosure of Macromedia Flash 8 in support of cumulativeness (Dkt. 47 at 10-11) is also misplaced. That reference is the opposite of being cumulative because it disparages use of ████████████████ and does not describe its functionality.

5

Dated: August 28, 2024                                   Respectfully submitted,

By: */s/Rita J. Yoon*
   Rita J. Yoon
   (Illinois Bar. No. 6298019)
   JONES DAY
   555 California Street, 26th Floor
   San Francisco, CA 94104
   Telephone: (415) 626-3939
   Facsimile: (415) 875-5700
   ryoon@jonesday.com

   Blaney Harper
   (D.C. Bar No. 4559669)
   JONES DAY
   2727 North Harwood Street, Suite 500
   Dallas, Texas 75201
   Telephone: (214) 220-3939
   Facsimile: (214) 969-5100
   bharper@jonesday.com

   I. Sasha Mayergoyz
   (Illinois Bar No. 6271800)
   JONES DAY
   110 N. Wacker Dr., Suite 4800
   Chicago, IL 60606
   Telephone: (312) 782-3939
   Facsimile: (312) 782-8585
   smayergoyz@jonesday.com

   Yury Kalish (*pro hac vice*)
   (Virginia Bar No. 87680)
   R. Levent Herguner (*pro hac vice*)
   (New York Bar No. 5722228)
   JONES DAY
   51 Louisiana Avenue, N.W.
   Washington, D.C. 20001
   Telephone: (202) 879-3939
   Facsimile: (202) 626-1700
   ykalish@jonesday.com
   rlherguner@jonesday.com

   Hannah Mehrle (*pro hac vice*)
   (Ohio Bar No. 100228)
   JONES DAY
   North Point

6

901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
hmehrle@jonesday.com

Walter Mostowy (*pro hac vice*)
(California Bar No. 341454)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 729-3900
wmostowy@jonesday.com

Stephen M. Bradley (*pro hac vice*)
(Georgia Bar No. 178489)
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 521-3939
Facsimile: (404) 521-8330
sbradley@jonesday.com

Zachary Marshall-Carter (*pro hac vice*)
(New York Bar No. 6094072)
JONES DAY
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
zmarshallcarter@jonesday.com

**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, N.A.**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and accompanying exhibits are being filed under seal pursuant to the Court's authorization in paragraph 16 of the Protective Order entered in this case.

Dated:  August 28, 2024              */s/Rita J. Yoon*
                                      Rita J. Yoon


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document and exhibits were filed electronically in compliance with Local Rule CV-5(a) and served on counsel of record for Plaintiffs on August 28, 2024.

Dated:  August 28, 2024              */s/Rita J. Yoon*
                                      Rita J. Yoon

8