# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP § <br> and WAPP TECH CORP., § <br>     *Plaintiffs,* § <br> v. § <br> § <br> JPMORGAN CHASE BANK, N.A., § <br>     *Defendant.* § | Civil Action No.  4:23-CV-1137 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant JPMorgan Chase Bank, N.A.'s Opposed Motion for Leave to File First Amended Answer and Counterclaims (Dkt. #43). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

On December 22, 2023, Plaintiff filed a Complaint alleging that Defendant infringed U.S. Patent Nos. 8,924,192 (the "'192 Patent"); 9,298,864 (the "'864 Patent"); 9,971,678 (the "'678 Patent"); 10,353,811 (the "'811 Patent"); and 10,691,579 (the "'579 Patent") (collectively, the "Asserted Patents") (Dkt. # 1 at pp. 33–40). The Asserted Patents disclose systems for mobile application development, testing, and distribution, including network and device simulation as well as online marketplaces for content distribution and revenue sharing (*See* Asserted Patents, Abstract). Plaintiff alleges in its Complaint that Defendant knew of and directly or indirectly infringed on the Asserted Patents when, for example, "its employees or agents use Apple's Xcode or Google's Android Studio (and potentially other software development tools) to author mobile applications" (Dkt. #1 at pp. 34–35).

On August 5, 2024, Defendant filed its Opposed Sealed Motion for Leave to File First Amended Answer and Counterclaims (Dkt. #43). On August 20, 2024, Plaintiff filed its Response in Opposition to Defendant's Motion (Dkt. #47). On August 28, 2024, Defendant filed its Reply (Dkt. #54). Then, on September 4, 2024, Plaintiff filed its Sur-Reply (Dkt. #58).

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952

F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

As a preliminary point, there can be no dispute that Defendant timely moved to amend its Answer (*See* Dkt. #26 at p. 2; Dkt. #43 at pp. 5–6) (establishing that Defendant filed its Motion on

August 5, 2024, one day before the Scheduling Order deadline to amend pleadings). Further, Plaintiff does not allege—nor does the Court believe—that Defendant's amendment would cause undue delay; that Defendant harbored bad faith or dilatory motive in seeking leave to amend; that Defendant repeatedly did not cure deficiencies by previous amendments; or that Defendant's proposed amendment would unduly prejudice Plaintiff (*See* Dkt. #47). Thus, the Court need not analyze those factors. The narrow question before the Court, then, is whether the Defendant's proposed amendment to its Answer and Counterclaims would be so futile as to justify denying Defendant the opportunity to add an inequitable conduct defense.

Defendant argues that its amendment is not futile because it sets forth with particularity the "who . . . what . . . when . . . where . . . why and how" regarding whether Plaintiff engaged in inequitable conduct (Dkt. #43 at p. 7). Plaintiff, by contrast, contends that Defendant's amendment "[does] not (and cannot) plausibly plead inequitable conduct under Rule 9(b) and Rule 12(b)(6)" (Dkt. #47 at pp. 6–7). Specifically, Plaintiff alleges that Defendant did not plausibly plead materiality, non-cumulativeness, and knowledge or intent to deceive the Patent Office (Dkt. #47 at pp. 9, 13, 15).

The Court agrees with Defendant. Plaintiff's critique that Defendant has not adequately pleaded an inequitable conduct defense at this stage overlooks that Plaintiff need only establish a reasonable inference of inequitable conduct this early in litigation (Dkt. #43 at p. 2) ("No depositions have taken place in this matter. Fact and expert discovery do not close until January 17, 2025 and March 14, 2025, respectively."). *Jordan Kahn Music Co. v. Taglioli*, No. 4:21-CV-45, 2022 WL 178811, at *3 (E.D. Tex. 2022) ("[a] claim has facial plausibility when the [movant] pleads factual content that allows the [C]ourt to draw the ***reasonable inference*** that the [opposing

4

party] is liable for the misconduct alleged.") (emphasis added). At this stage, the Court cannot rule out the possibility that "discovery will reveal evidence of the necessary claims or elements" (Dkt. #54 at p. 4) (quoting *id.*). This case, in fact, has already demonstrated that point—Defendant did not learn about the August 2005 letter purportedly revealing the inventor's Bandwidth Profiler knowledge during prosecution until Plaintiff produced its first document set (*See* Dkt. #43 at p. 3) (quoting Dkt. #43-1 at p. 41) ("On the Flash side, [Macromedia] came close to this concept using their Bandwidth Profiler to measure the limitations of connection speeds on an application.").

Plaintiff separately argues that the letter in question "does not support [Defendant's] inequitable conduct allegations at all" (Dkt. #47 at p. 4). To establish this, Plaintiff asks the Court to infer irrelevance from silence—that is, because parties privy to the letter in past litigation chose not to allege inequitable conduct, the letter cannot plausibly support such a claim (Dkt. #47 at p. 17) ("Moreover, the fact that none of the prior defendants asserted inequitable conduct, even after receiving the August 2005 letter, is an objective indication of candor. These three adverse parties did not believe they had a plausible basis to allege inequitable conduct, otherwise they would have done so."). Yet, as Defendant points out, an independent party's strategic choice not to raise inequitable conduct is irrelevant to the question of whether a party that **has chosen** to raise that defense did so with sufficient detail, taking all well-pleaded facts as true (Dkt. #54 at p. 6). *See SB IP Holdings v. Vivint Smart Home*, No. 4:20-CV-886, 2022 WL 2761343, *2 (E.D. Tex. 2022) (in determining futility, "the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff").

At this juncture, the Court will not surmise why parties in past, related litigation chose not to raise an inequitable conduct defense, let alone infer by omission that Defendant's decision to

raise one here amounts to baseless, denigrating subterfuge (*See* Dkt. #58 at p. 6). Thus, the Court finds that Defendant has met its burden to show that leave to amend is warranted at this stage of litigation. To the extent that Plaintiff believes Defendant has not adequately pleaded inequitable conduct in its Amended Answer and Counterclaims, Plaintiff may later move to dismiss Defendant's claim under Rule 12(b)(6). Accordingly, the Court will allow Defendant to amend its Answer and Counterclaims and finds that its Motion should be **GRANTED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Opposed Motion for Leave to File First Amended Answer and Counterclaims (Dkt. #43) is hereby **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED this 3rd day of December, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE